**Deputy Michael A. WOODS, Harris County, Texas and Harris County Sheriff's Department, Appellants,**

v.

**Virginia MOODY, Appellee.**

No. 14–96–00769–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1996.

Lana S. Shadwick, Houston, for appellants.

Timothy M. Purcell, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

YATES, Justice.

■ This is an interlocutory appeal from the denial of a motion for summary judgment.[1] Virginia Moody, the appellee, sued Deputy Michael A. Woods, Harris County, and the Harris County Sheriff's Department (collectively "appellants"). The chief issue in this appeal is whether Woods is entitled to official immunity. We affirm the judgment of the trial court.

This appeal arises from an auto accident involving Woods and Moody. The exact cause of the collision is disputed, but it is admitted that Woods struck Moody's vehicle from behind while on Harris County business.

Moody brought suit under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986), alleging that Woods's negligence caused her injuries. Appellants filed a joint motion for summary judgment. Woods asserted the affirmative defense of official immunity, and Harris County and the Sheriff's Department asserted sovereign immunity based on Woods's immunity.

■ Official immunity is an affirmative defense, and the defendants have the burden to establish all elements of that defense. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). The standard for reviewing a motion for summary judgment is as follows: 1) the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; 2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and 3) every reasonable inference must be resolved in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ In the first point of error, appellants argue the trial court erred in denying their summary judgment motion based on Woods's claim of official immunity. Government employees are entitled to official immunity from suit arising from the good faith performance of discretionary duties when they act within the scope of their authority. *City of Lancaster,* 883 S.W.2d at 653. Moody argues *only* that Woods's actions were ministerial rather than discretionary.

The Texas Supreme Court stated that "[i]f an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial." *Id.* at 654. The determination that an act is discretionary is "probably only a shorthand notation for a more complex policy decision." *Kassen v. Hatley,* 887 S.W.2d 4, 9 (Tex.1994) (citing PROSSER AND KEETON ON THE LAW OF TORTS § 132, at 1062 (W. Page Keeton et al. eds., 5th ed. 1984)).

The summary judgment evidence shows that when the accident occurred, Woods was on duty and en route to Harris County business. Woods's affidavit stated that the accident occurred when his foot slipped off the brake pedal when he was picking up a clipboard from the car's floorboard. Woods picked up the clipboard because he thought it might become dangerously lodged under the brake. Appellants argue Woods's action of picking up the clipboard required "personal deliberation, decision and judgment," making

---

1. The Civil Practices and Remedies Code allows interlocutory appeals of orders denying motions for summary judgment based on the assertion of immunity by an employee or officer of the state. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1996). If the governmental entity's sovereign immunity defense depends on the employee's official immunity, appeal of the denial of summary judgment is also covered by § 54.014(5). *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993).

it a discretionary act. Alternatively, appellants argue that the deputy's act of operating a car is discretionary.

Moody claims Woods's statement as to his actions is not uncontroverted summary judgment proof and argues a fact issue exists as to whether or not Woods was picking up a clipboard. In the alternative, Moody asserts that picking up the clipboard was not the cause of the accident.

We need not decide whether a fact issue exists regarding the cause of the accident. While it is true that picking up a clipboard may require discretion and judgment, "any official act that is ministerial will still require the actor to use some discretion in its performance." *Burgess v. Jaramillo*, 914 S.W.2d 246, 249 (Tex.App.—Fort Worth 1996, no writ). If appellants were allowed to limit the focus of our inquiry simply to any minor decision requiring some judgment prior to an accident, plaintiffs would find it nearly impossible to make a viable claim under the Texas Tort Claims Act. Allowing such a limited focus would, in effect, merge the discretionary function element of the official immunity defense into the third element of the defense, whether the employee was acting within the scope of authority. An official cannot be immune from liability simply because he is on duty.

■ Our focus, and the question we must decide, is whether Woods was performing a discretionary function while operating his patrol car. The purpose behind official immunity is to "free government officials to exercise their duties without fear of damage suits that would consume their time and energy and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of polices of government." *Victory v. Bills*, 897 S.W.2d 506, 508 (Tex. App.—El Paso 1995, no writ). It was not designed to "protect erring officials." *Kassen*, 887 S.W.2d at 8. Situations where peace officers have been found to have official immunity in the operation of their motor vehicles include, but are not limited to, high-speed chases, investigations, and traffic stops. *See, e.g., City of Lancaster*, 883 S.W.2d at 653–55 (high speed chase); *Texas Dept. of Pub. Safety v. Perez*, 905 S.W.2d

695, 698–700 (Tex.App.—Houston [14th Dist.] 1995, writ denied) (traffic stop); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 120–22 (Tex.App.—Houston [1st Dist.] 1995, no writ) (investigation preceding arrest); *Harris County v. Ochoa*, 881 S.W.2d 884, 887–89 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (high speed chase).

■ Unlike high speed chases or traffic stops, operating a car in a non-emergency situation does not involve personal deliberation or the exercise of professional expertise, decision, or judgment. To the contrary, driving a car is ministerial because it requires a person to "perform[ ] in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to ... *the propriety* of the act being done." *Burgess*, 914 S.W.2d at 249 (citing *Miller v. State*, 53 S.W.2d 838, 840 (Tex.Civ.App.—Amarillo 1932, writ ref'd)) (emphasis and ellipses added). Thus, absent special circumstances that suggest the officer was performing a discretionary function, such as engaging in a high speed chase, we hold that an officer driving a motor vehicle while on official, non-emergency business is performing a ministerial act. *See City of Lancaster*, 883 S.W.2d at 655; *see also Garza v. Salvatierra*, 846 S.W.2d 17, 22 (Tex. App.—San Antonio 1992, writ dism'd w.o.j.) ("The act of driving a bus is ministerial, not discretionary."). Our refusal to apply official immunity in this case should not have the effect of discouraging officers from carrying out the "fearless, vigorous, and effective administration" of their duties.

Other jurisdictions facing this issue have come to similar conclusions. In *Letowt v. City of Norwalk*, 41 Conn.Supp. 402, 579 A.2d 601 (1989), the plaintiff was standing beside her automobile waiting for an officer to arrive after being involved in an accident. *Id.* at 601. Responding to the accident call, the police officer's vehicle struck and pinned the plaintiff between the officer's vehicle and her own. *Id.* The court determined that activities undertaken by the police officer at the scene of the accident would fall under the scope of the officer's discretionary function. *Id.* at 603. For example, if the officer decided to measure skid marks or decided not to

transport an injured victim to the hospital, then the officer would be performing a discretionary duty. *Id.* However, the court concluded that simply driving to the accident site was not part of a discretionary function. "Driving to the scene of an accident, however, is different. Ordinary citizens drive their cars every day, not just police officers, and hence the operation of a motor vehicle would be deemed ministerial." [2] *Id.; 'see also Speck v. Bowling,* 892 S.W.2d 309, 311–12 (Ky.Ct. App.1995); *Duellman v. Erwin,* 522 N.W.2d 377, 380 (Minn.Ct.App.1994); *Brown v. Tate,* 888 S.W.2d 413, 415 (Mo.Ct.App.1994). We overrule appellants' first point of error.

■ Appellants' second point of error argues the trial court erred in denying Harris County and the Sheriff's Department's motion for summary judgment claiming sovereign immunity. Section 101.21(1) of the Texas Tort Claims Act waives the liability of a governmental entity for the torts of its employees arising from the operation or use of motor-driven vehicles if "the employee would be personally liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.102(1). If appellants could show Woods met *all* the elements for official immunity, then Harris County and the Sheriff's Department would retain their sovereign immunity. *DeWitt,* 904 S.W.2d at 653. Woods has not met that showing. The trial court did not err in denying appellants' summary judgment motion. We overrule appellants' second point of error and affirm the judgment of the trial court.

**2.** The *Letowt* court noted that "[j]udicial attempts to grapple with [the distinction between discretionary and ministerial acts has] become a multi-addered medusa [and] has resulted in confusion and uncertainty all too painfully apparent to legal scholars and an inability on the part of the courts to evolve any definite guidelines.…" *Letowt,* 579 A.2d at 602 (quoting *Vanderpool v. State,* 672 P.2d 1153, 1154–55 (Okla.1983)). In order to devise a practical guideline for determining what is discretionary and what is ministerial, the court adopted the Rhode Island approach. *Id.* at 603. This approach distinguishes between activities that only municipal employees may perform, as contrasted with what ordinary citizens may perform. *Id.*

We find the holdings and tests used in other jurisdictions to be instructive; however, we are not to be interpreted as adopting the Rhode Island approach.