Billy Joe VICTORY and Dallas
County, Appellants,

v.

Habib A. FARADINEH, Appellee.

No. 05–98–01377–CV.

Court of Appeals of Texas,
Dallas.

April 30, 1999.

Jana Marie Prigmore, District Attorney's Office-Civil Division, Dallas, for Appellant.

William E. Robbins, Anjel Kerrigan, Kondos & Kondos Law Offices, Richardson, For Appellee.

Before Justices OVARD, MORRIS, and WRIGHT.

## OPINION

Opinion By Justice WRIGHT.

Billy Joe Victory and Dallas County bring this interlocutory appeal from the denial of their motion for summary judgment based on an assertion of official and sovereign immunity. Habib A. Faradineh sued appellants for negligence after he was injured in an automobile accident involving Victory. In three points of error, appellants contend generally that the trial court erred by denying their motion for summary judgment because appellee's claim is barred by official and sovereign immunity. We overrule appellants' points of error and affirm the trial court's order denying appellants' motion for summary judgment.

### Factual and Procedural Background

Victory was a deputy sheriff for Dallas County. During the course and scope of his employment, he rear-ended a car driven by appellee. At the time of the accident, Victory was en route to a photography laboratory, a routine errand. According to Victory, he was driving in the left lane when the car in front of him suddenly swerved into the right lane. Victory saw appellee's car stopped in front of him, and he immediately attempted to stop. Nonetheless, Victory hit appellee. The impact caused appellee to collide with a Mercedes stopped in front of him. Both appellee and the Mercedes were stopped because of construction.

Appellee sued Victory and Dallas County alleging that Victory's negligence caused appellee injuries. Appellants filed a motion for summary judgment based on the doctrine of official immunity and, derivatively, sovereign immunity.[1] Appellee responded to the motion, arguing that appellants failed to prove as a matter of law that his claims are barred by official and sovereign immunity. The trial court denied appellants' motion for summary judgment. This interlocutory appeal followed. See Tex. Civ. Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1999).

### Discussion

We review a summary-judgment record using the following well-known standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548–49 (Tex.1985).

To be entitled to summary judgment on an affirmative defense, the defendant must conclusively prove all of the elements of the affirmative defense. See Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995). An issue is

1. This appeal is from appellants' second motion for summary judgment. For convenience, all references to appellants' motion for summary judgment are to appellants' second motion for summary judgment. In addition to asserting immunity as a basis for summary judgment, appellants also assert a "no evidence" ground. However, under that ground, appellants merely reurge their immunity argument. Thus, we will consider only appellants' immunity argument as an asserted basis for summary judgment.

conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex. 1982).

Official immunity is an affirmative defense that protects government employees from personal liability. *Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994). The purpose of official immunity is to insulate the functioning of government from the harassment of litigation. It is not to protect erring officials. *Id.* To be entitled to official immunity, the government employee must show that he was (1) performing a discretionary duty, (2) acting in good faith, and (3) acting within the scope of his authority. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). If the government employee is entitled to official immunity, then the governmental entity employing him retains its sovereign immunity. *See DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995) (holding that government's immunity is contingent on officer's immunity).

Official immunity extends only to discretionary acts, not to ministerial ones. *Kassen,* 887 S.W.2d at 9. Labeling an act discretionary or ministerial is problematic; it is really only a shorthand notation for a more complex policy decision. *Id.* Generally, actions that require personal deliberation, decision, and judgment are discretionary; actions that require obedience to orders or the performance of a duty regarding which the actor has no choice are ministerial. *See Chambers,* 883 S.W.2d at 654. However, the distinction between these two categories is often one of degree because any official act that is ministerial will still require the actor to use some discretion in its performance. *City of Wichita Falls v. Norman,* 963 S.W.2d 211, 215 (Tex.App.-Fort Worth 1998, pet. dism'd w.o.j.). Thus, we must determine the character of the discretion exercised. *Kassen,* 887 S.W.2d at 11. Not every discretionary act is protected; it is only gov-

ernmental discretion which is protected by the doctrine of official immunity. *See id.* (holding doctor or nurse has official immunity from claims arising out of the exercise of governmental discretion, but not from liability arising from the exercise of medical discretion); *see also Murillo v. Vasquez,* 949 S.W.2d 13, 15–16 (Tex.App.-San Antonio 1997, writ denied) (decisions of city traffic engineer in evaluating traffic flow require governmental discretion).

The parties agree that Victory was a governmental employee acting within the scope of his authority. The parties differ about whether Victory was performing a discretionary function in good faith. Appellee maintains that Victory was performing a ministerial duty because Victory was operating his motor vehicle in a nonemergency situation. Consequently, he maintains that Victory, like ordinary citizens, was required to obey traffic laws and did not have discretion in determining whether a duty existed to follow such regulations. Appellants counter that Victory was performing a discretionary function because "he used his judgment in how to operate the vehicle."

We disagree with appellants because operating a motor vehicle on public streets requires drivers, even peace officers, to obey traffic laws absent special circumstances. Like the two courts of appeals that have considered this issue, we conclude that unlike a high speed chase, a traffic stop, or an accident investigation, operating a car in a nonemergency situation is a ministerial function. *See Norman,* 963 S.W.2d at 216–17; *Woods v. Moody,* 933 S.W.2d 306, 308 (Tex.App.-Houston [14th Dist.] 1996, no writ). The discretion used by Victory in determining which route to take and how to operate his car is not the type of governmental discretion protected by the doctrine of official immunity. *See Norman,* 963 S.W.2d at 216–17; *Woods,* 933 S.W.2d at 308; *see also Garza v. Salvatierra,* 846 S.W.2d 17, 22 (Tex.App.-San Antonio 1992, writ

dism'd w.o.j.) (holding discretion used by bus driver was traffic judgment, not governmental judgment). Consequently, we conclude that absent special circumstances that show the officer was using governmental discretion, such as a high speed chase, a traffic stop, or an accident investigation, an officer driving a motor vehicle while on official, non-emergency business is performing a ministerial act. Here, there was no evidence of such special circumstances.

Thus, we conclude that appellants did not prove as a matter of law that Victory was acting in a discretionary manner. Dallas County has therefore failed to establish as a matter of law that it is entitled to derivative sovereign immunity. We overrule points of error one, two, and three.

Accordingly, we affirm the trial court's order denying appellants' motion for summary judgment.