11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tamara Strickland

Appellant

Vs.                   No.
11B01B00088-CV B
Appeal from Knox County

City of Knox City, Texas

Appellee

 

This is an
appeal in a summary judgment case.  The
trial court granted the City of Knox City, Texas= motion for summary judgment based upon sovereign immunity and entered
a take-nothing judgment against Tamara Strickland.  Because we agree that Knox City was protected by sovereign
immunity, we affirm the judgment of the trial court.

The
summary judgment evidence shows that, at all times relevant to this lawsuit,
Harry Steen was the Chief of Police for Knox City.  In that capacity, he had been conducting an investigation of an
accident in which another party hit a horse on Highway 6 in Knox County.  The accident resulted in property damage and
in physical injuries to the persons involved. 


At shortly
after 11:00 p.m. on that same date, Chief Steen was continuing his
investigation and was sitting in his parked police vehicle at the scene of the
earlier accident; he was attempting to find out who owned the horse.  Chief Steen=s vehicle was parked both on the shoulder and in the grass next to the
shoulder on the west side of Highway 6, was on the same side as the southbound
traffic, and was facing the southbound traffic on Highway 6.  At this same time, Joseph Godsey was
traveling south on Highway 6, and he was pulling a hay baler behind his
vehicle. Godsey passed by Chief Steen=s location.  While the summary
judgment evidence is in conflict, Godsey stated that the headlights on Chief
Steen=s vehicle were on and that they had blinded
him as he passed by the location.  After
he passed by Chief Steen, Godsey began to pull over so that he could stop and
tell Chief Steen about the headlights and their effect upon the southbound
traffic.








At about
the same time as Godsey stopped to talk to Chief Steen, appellant was also
traveling southbound on Highway 6. 
Appellant alleges that, as she approached the location where Chief Steen
was sitting in his patrol car, the headlights from the police vehicle blinded
her vision and kept her from seeing Godsey=s hay baler which was at least partially in the roadway.  When she did finally see the hay baler,
appellant swerved hard to the left in order to miss it and, as a result, rolled
her vehicle over into the borrow ditch on the east side of the highway.  Appellant suffered personal injury and
property damage as a result.

Appellant
ultimately sued Knox City, Godsey, and an insurance company (related to
underinsured motorist coverage); she did not sue Chief Steen.  Knox City filed a motion for summary
judgment and a supplemental motion for summary judgment.  In those motions, Knox City claimed that it
was entitled to sovereign immunity. 
Knox City based its claim to immunity on two grounds: (1) the accident
did not involve the Ause@ of a motor vehicle under the Texas Tort
Claims Act,[1] and
(2) because Chief Steen was entitled to official immunity, Knox City retained
its sovereign immunity.  The trial court
granted the motions and entered a take-nothing judgment against appellant and
in favor of Knox City; it also severed the remaining claims from the ones
against Knox City.  

In two
points of error, appellant challenges the trial court=s rulings on the immunity issue.  In her first point of error, appellant
asserts that sovereign immunity has been waived in this case because the patrol
car was a motor-driven vehicle and was in Aoperation@ or Ause@ at the time of the accident. 
In her second point of error, appellant maintains that Knox City was not
entitled to sovereign immunity through Chief Steen because Chief Steen was not
engaged in discretionary activities at the time of appellant=s accident and was not, therefore, entitled
to official immunity.  We will begin
with an analysis of appellant=s second point of error.

The
doctrine of sovereign immunity involves two aspects:  immunity from suit and immunity from liability.  General Services Commission v. Little-Tex
Insulation Company, Inc., 39 S.W.3d 591, 594 (Tex.2001); Federal Sign v. Texas
Southern University, 951 S.W.2d 401 (Tex.1997).  A governmental unit is clothed with sovereign immunity unless
that immunity has been waived by the legislature.  See City of San Antonio v. Hernandez, No. 04-00-00449-CV, 2001
LEXIS 2671 (Tex.App. - San Antonio Apr. 25, 2001, no pet=n h.); see also Harris County v. Dillard, 883
S.W.2d 166 (Tex.1994). 








 The legislature has provided for waiver of
sovereign immunity in certain instances set forth in the Texas Tort Claims
Act.  These instances of waiver are
limited and are narrowly defined.  Texas
Department of Criminal Justice v. Miller, 44 Tex. Sup. Ct. J. 963 (June 21,
2001).  It is the prerogative of the
legislature to waive or not to waive the protection afforded by sovereign
immunity.  Federal Sign v. Texas
Southern University, supra.   Those
instances in which the legislature has provided for waiver of immunity, as
relevant here, are set forth in Section 101.021 of the Texas Tort Claims Act,
which provides in relevant part:

A governmental unit in this state is liable
for:

 

   (1)
property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:

 

(A) the
property damage, personal injury, or death arises from  the operation or use of a motor-driven
vehicle or motor-driven  equipment; and

 

(B) the
employee would be personally liable to the claimant  according to Texas law.  

 

In order
to prevail upon a motion for summary judgment based upon an affirmative
defense, such as immunity, the movant must come forward with summary judgment
evidence for each element of the affirmative defense.  American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex.1997); Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); Anderson v. Anderson
County, 6 S.W.3d 612, 614 (Tex.App. - Tyler 1999, pet=n den=d).  If the movant conclusively
establishes the defense, then it is incumbent upon the non-movant to come
forward with summary judgment evidence to the contrary.  Torres v. Western Casualty and Surety
Company, 457 S.W.2d 50 (Tex.1970)








Official
immunity is a bar to liability and, when established, protects the party
claiming it from individual liability in the lawsuit.  University of Houston v. Clark, 38 S.W.3d 578 (Tex.2000).  Official immunity protects governmental
employees, in their individual capacities, from liability relative to:  (1) the performance of discretionary duties,
as opposed to ministerial ones, (2) within the scope of the employee=s authority, (3) if the employee acts in good
faith.  City of Lancaster v. Chambers,
883 S.W.2d 650 (Tex.1994).  If the
employee is shielded from liability by virtue of official immunity, then the
governmental entity retains its sovereign immunity.  DeWitt v. Harris County, 904 S.W.2d 650 (Tex.1995)

On the
question of official immunity, the briefing in this court is directed solely to
whether Chief Steen was performing discretionary acts at the time of appellant=s accident. 
Appellant maintains that Chief Steen=s activities were ministerial and that he is not protected by official
immunity.  Knox City argues that his
acts were discretionary and that Chief Steen is protected.  We will limit our discussion to that area
addressed by the parties.

Those
actions which involve personal deliberation, decision, and judgment are
discretionary.  Ministerial acts are
acts A[w]here the law prescribes and defines the
duties to be performed with such precision and certainty as to leave nothing to
the exercise of discretion or judgment.@  Downing v. Brown, 935 S.W.2d
112, 114 (Tex.1996), citing City of Lancaster v. Chambers, 883 S.W.2d 650
(Tex.1994).  If an action requires
obedience to orders or the performance of a duty to which the employee has no
choice, the action is ministerial.  City
of Lancaster v. Chambers, supra.  

While the
definitions are easily stated, the application of those principles is much more
difficult.  Even ministerial acts will
require some exercise of discretion.  In
making the determination, we look at the character of the discretion
exercised.  Only acts involving
governmental discretion are protected by official immunity.  Kassen v. Hatley, 887 S.W.2d 4, 11
(Tex.1994).  Whether Chief Steen was
negligent or violated the law is irrelevant in determining whether he was
engaged in discretionary or ministerial acts. 
Carpenter v. Barner, 797 S.W.2d 99 (Tex.App. - Waco 1990, writ den=d). 
Official immunity protects officers even though they act
negligently.  City of Lancaster v.
Chambers, supra at 655.  Furthermore,
the issue is not whether a governmental employee had the discretion to perform
an allegedly wrongful act while discharging the function.  City of Lancaster v. Chambers, supra at 653.








Generally,
a police officer who is driving his vehicle in an official but non-emergency
situation is performing a ministerial function.  Woods v. Moody, 933 S.W.2d 306 (Tex.App. B Houston [14th Dist.] 1996, no writ); see
also City of Lancaster v. Chambers, supra at 655.  However, special circumstances can change that function into a
discretionary one.  Such circumstances
include, but are not limited to, situations involving high-speed chases,
emergency medical transportation, traffic stops, and investigations.  See City of Wichita Falls v. Norman, 963
S.W.2d 211 (Tex.App. B Fort
Worth 1998, pet=n dism=d w.o.j.), and cases cited therein. 
Merely driving a police vehicle in an official but non-emergency
situation involves traffic discretion, but not governmental discretion.  The officer is called upon to make the same
decisions that the general public would be required to make; no governmental
discretion is involved.  Woods v. Moody,
supra at 308-09.

When Chief
Steen arrived at the scene of the first accident, the ministerial function of
driving to the scene of the accident came to an end as he began and continued
to investigate the accident.  The
investigation involved the exercise of governmental discretion, not just traffic
discretion.  Chief Steen=s actions during his investigation involved
personal deliberation, decision, and judgment and, therefore, were
discretionary.  Chief Steen was entitled
to official immunity.  Because Chief
Steen was entitled to official immunity, Knox City was entitled to sovereign immunity.  DeWitt v. Harris County, supra at 653; see
also Section 101.021(1)(B), Texas Tort Claims Act.  The trial court did not err when it granted the take-nothing
summary judgment against appellant. 
Appellant=s second point of error is overruled.

In view of
our holding in connection with appellant=s second point of error, we need not discuss her first point of error.

We affirm
the judgment of the trial court.

 

JIM
R. WRIGHT

JUSTICE

 

September 13, 2001

Do not publish. See
TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]All references to the Texas Tort Claims Act refer to
TEX. CIV. PRAC. & REM. CODE ANN. '
101.001 et  seq. (Vernon 1997 &
Supp. 2001).