In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-425 CV


____________________



STATE OF TEXAS, TEXAS DEPARTMENT OF PUBLIC


SAFETY AND KEVIN BURMAN, Appellants



V.



VIRGINIA GAIL MATHISON, INDIVIDUALLY AND AS REPRESENTATIVE


OF THE ESTATE OF MARK MATHISON, CHRISTOPHER ALLAN 


MATHISON, MARK JOSEPH MATHISON AND MARTHA LOU STRONG, 


AND BOBBIE GREEN, JR., Appellees






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 9977






MEMORANDUM OPINION


 A police vehicle driven by D.P.S. Officer Kevin Burman collided with a vehicle
driven by Mark Mathison, resulting in the death of Mathison and severe injuries to a
passenger. Burman and the Department of Public Safety assert Burman was in high speed
pursuit of a traffic violator, and is protected from liability by the defense of official
immunity. A government employee sued individually is immune from liability for harm
resulting from the good faith performance of a discretionary governmental action within
the scope of the employee's authority. See City of Lancaster v. Chambers, 883 S.W.2d
650, 653 (Tex. 1994). Plaintiffs assert a fact issue exists as to whether Burman was in a
high speed pursuit or rather was simply speeding without lights or siren while on routine
patrol. The trial court denied defendants' motion for summary judgment. The Department
of Public Safety and Burman filed this interlocutory appeal. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(5) (Vernon Supp. 2003). Because the legal issue presented is
settled, we affirm the trial court's decision by memorandum opinion. See Tex. R. App.
P. 47.4. 

 The issue here is whether Burman was performing a discretionary governmental
action. For purposes of the official immunity defense, a discretionary act is one involving
personal deliberation, decision and judgment. See City of Lancaster v. Chambers, 883
S.W.2d at 654. If the facts establish Burman was involved in a high speed pursuit of a
traffic violator as asserted in the motion for summary judgment, he was performing a
discretionary governmental action. See id. at 655; see also Harris County v. Ochoa, 881
S.W.2d 884, 887-89 (Tex. App.--Houston [14th Dist.] 1994, writ denied). But, generally,
driving on routine patrol in a nonemergency situation is not considered performance of a
discretionary act within the meaning of the official immunity defense. See Victory v.
Faradineh, 993 S.W.2d 778, 780-81 (Tex. App.--Dallas 1999, no pet.); see also City of
Wichita Falls v. Norman, 963 S.W.2d 211, 215-16 (Tex. App.--Ft. Worth 1998, pet.
dismissed w.o.j.). 

 Whether Burman was on routine patrol or in a high speed pursuit is in dispute.
Plaintiffs principally rely on the testimony of a witness who saw the accident, and also saw
the events prior to the accident. She says Burman was speeding without lights or siren. 
She saw no vehicle being pursued; and she testified, in effect, that if Burman had been
pursuing a vehicle she would have seen it. Whether or not her testimony is credible is for
the factfinder at trial. But for purposes of summary judgment analysis the trial court
correctly concluded a genuine issue of material fact exists as to whether Burman was
involved in a discretionary action and is entitled to official immunity. We need not
consider whether the trial court erred in striking a portion of Burman's affidavit, because
the portion stricken would not eliminate this underlying factual dispute. We hold the trial
court correctly denied the motion for summary judgment because of the underlying fact
issue.

 AFFIRMED.

 PER CURIAM 

 

Submitted on March 5, 2003

Opinion Delivered March 13, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.