**Reversed and Remanded and Memorandum Opinion filed February 1, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-20-00424-CV**

---

**NICHOLAS HULICK, Appellant**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-61725**

---

## M E M O R A N D U M   O P I N I O N

Nicholas Hulick appeals the trial court's order granting the City of Houston's plea to the jurisdiction and dismissing Hulick's negligence lawsuit against the City. In his suit, Hulick alleged that a Houston police officer struck his motorcycle when the officer attempted to make a left-hand turn, causing Hulick serious injuries. In its plea to the jurisdiction, the City argued that the officer retained his official immunity, and the trial court agreed.

On appeal, Hulick presents several reasons why the City failed to establish the officer's immunity, but the dispositive issue is whether the officer was performing a discretionary act in this circumstance. For the reasons explained, we conclude he was not. We reverse and remand for further proceedings.

## Background

Houston Police Department ("HPD") Officer Andrew De La Guardia responded to a service call involving a homeless suspect causing a disturbance on the street outside of a business located around the 200 block of Westheimer. The officer drove his HPD vehicle eastbound on Westheimer looking for the suspect. Because of heavy rain, he operated the vehicle's windshield wipers at full speed. After searching the immediate area, Officer De La Guardia decided to turn around and head back to the original location of the call. Slowing to ten to fifteen miles per hour, he looked through the rain for oncoming traffic. Seeing none, the officer attempted to cross the westbound lanes of traffic but struck a motorcycle driven by Hulick. Hulick was thrown and suffered numerous injuries. The officer stopped and called for help. The accident report indicates that Officer De La Guardia "failed to yield the right of way, turning left."

Hulick filed a negligence suit against the City under the Texas Tort Claims Act (the "TTCA").[1] The City answered and filed a plea to the jurisdiction, asserting that the trial court lacked subject matter jurisdiction because Officer De La Guardia's official immunity shielded the City from Hulick's claims. In support of its plea, the City proffered the affidavits of Officer De La Guardia and his supervisor, Sergeant Robert Steffan, and the accident report relating to the crash. In response, Hulick asserted three arguments: (1) Officer De La Guardia was not performing a

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 101.001-.109.

discretionary function at the time of the incident; (2) the City did not meet its initial burden to establish Officer De La Guardia's good faith; and (3) the court should exclude Sergeant Steffan's affidavit because the City failed to timely disclose it in accordance with the rules of procedure.

Without ruling on Hulick's objection to Sergeant Steffan's affidavit, the trial court granted the City's plea and dismissed Hulick's lawsuit. Hulick filed a motion for new trial, which was overruled by operation of law. Hulick appeals.

**Analysis**

**A.     Plea to the Jurisdiction**

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-28 (Tex. 2004). If, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, a court must first determine if a question of fact exists before ruling on the plea. *Id.* at 227. The court must consider the relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Id.* If the evidence raises a fact issue as to whether the court has subject matter jurisdiction, the court must deny the plea to the jurisdiction, and the fact finder must decide the fact issue. *Id.* at 228. This analysis mirrors that of a traditional motion for summary judgment, which requires the court to take as true evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor. *Id.*

The City, as a municipality and political subdivision of the State, cannot be vicariously liable for an employee's acts unless its governmental immunity has been waived. *Gomez v. City of Houston*, 587 S.W.3d 891, 896 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (en banc); *City of Pasadena v. Belle*, 297 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Under the facts of this case,

3

the parties agree that the only possible waiver of the City's immunity from suit and liability is found in TTCA section 101.021, which provides in relevant part:

> A governmental unit in the state is liable for . . . property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law . . . .

Tex. Civ. Prac. & Rem. Code § 101.021(1).

The parties do not dispute that Hulick's alleged injuries arise from the operation or use of a motor-driven vehicle or that Officer De La Guardia was acting within the scope of his employment when the accident occurred. The dispute is whether the officer "would be personally liable to the claimant under Texas law." The City contends that Officer De La Guardia would not be liable because he is protected by official immunity.

"A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) provided the employee acts in good faith." *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *see also Belle*, 297 S.W.3d at 530; *Harris County v. Gibbons*, 150 S.W.3d 877, 886 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Woods v. Moody*, 933 S.W.2d 306, 307 (Tex. App.—Houston [14th Dist.] 1996, no writ). "The purpose behind official immunity is to free government officials to exercise their duties without fear of damage suits that would consume their time and energy and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government." *Woods*, 933 S.W.2d at 308. In

4

other words, official immunity is "not designed to protect erring officials." *Id.* Because official immunity is an affirmative defense, the burden rests on the City to establish all elements of the defense. *See Gomez*, 587 S.W.3d at 897; *Clark*, 38 S.W.3d at 580.

## B. Ministerial v. Discretionary Acts

In his first issue, Hulick contends that Officer De La Guardia is not entitled to official immunity because he was not engaged in a discretionary act when the accident occurred.

If a government employee is performing a discretionary function, then he is protected by official immunity, regardless whether he was negligent in the exercise of his public duties. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994); *City of Dallas v. Brooks*, 349 S.W.3d 219, 225 (Tex. App.—Dallas 2011, no pet.); *Harless v. Niles*, 100 S.W.3d 390, 396 (Tex. App.—San Antonio 2002, no pet.). An action is discretionary if it involves personal deliberation, decision, and judgment; on the other hand, an action that requires obedience to orders or the performance of a duty as to which the employee has no choice is ministerial. *Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723, 727 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *Chambers*, 883 S.W.2d at 654). The distinction between ministerial and discretionary acts is often one of degree because any official act that is ministerial still requires the employee to use some discretion in its performance. *Id.* In determining whether an act is discretionary, the inquiry focuses on whether an employee was performing a discretionary function—not on whether the employee had the discretion to do an allegedly wrongful act while discharging that function, or whether the job description at issue includes discretionary duties. *Id.*

As the City correctly observes, a law enforcement officer's operation of a vehicle is a discretionary function in certain circumstances, including high-speed

5

chases, traffic stops, responding quickly to an officer's call for assistance, or responding to an emergency. *See Chambers*, 883 S.W.2d at 655 (officer engaging in high-speed chase performs discretionary act); *Webb County v. Lino*, No. 04-19-00891-CV, 2020 WL 4218714, at *5 (Tex. App.—San Antonio July 22, 2020, no pet.) (mem. op.) (initiating routine traffic stop is discretionary act); *Brooks*, 349 S.W.3d at 226-27 (officer responding at high rate of speed to call for back-up involving a combative/suicidal person was performing a discretionary duty); *Collins v. City of Houston*, No. 14-13-00533-CV, 2014 WL 3051231, at *5 (Tex. App.—Houston [14th Dist.] July 3, 2014, no pet.) (mem. op.) (responding quickly to radio broadcast requesting assistance to apprehend a reckless motorist is discretionary act); *City of Houston v. Hatton*, No. 01-11-01068-CV, 2012 WL 3528003, at *3 (Tex. App.—Houston [1st Dist.] Aug. 16, 2012, pet. denied) (mem. op.) (officer responding to "Priority One" call for assistance and using emergency lights and sirens while driving was performing discretionary act when accident occurred); *Harless*, 100 S.W.3d at 397 (officer's decision to violate traffic laws to quickly reach scene of suspected criminal activity and assist another officer was discretionary act). In these types of instances, officers retain official immunity due to their performance of discretionary functions if the other immunity elements are met.

But absent such special circumstances, an officer's operation of a motor vehicle on official, non-emergency business is ministerial. *See City of Houston v. Jenkins*, 363 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Woods*, 933 S.W.2d at 308. For example, in *Woods*, this court determined that an officer who struck another driver's car from behind while on duty and en route to "Harris County business" was not entitled to official immunity because he was engaged in the ministerial act of operating his police car. *Woods*, 933 S.W.2d at 307-08. This was so despite the officer's statement that the accident occurred when

6

his foot slipped off the brake when he decided to pick up a clipboard from the car's floorboard because he was concerned it might become dangerously lodged underneath the car's brake pedal. *Id.* Although the act of picking up the clipboard may have been discretionary, we explained:

> Unlike high speed chases or traffic stops, operating a car in a non-emergency situation does not involve personal deliberation or the exercise of professional expertise, decision, or judgment. To the contrary, driving a car is ministerial because it requires a person to "perform[ ] in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to . . . *the propriety* of the act being done." Thus, absent special circumstances that suggest the officer was performing a discretionary function, such as engaging in a high speed chase, we hold that an officer driving a motor vehicle while on official, non-emergency business is performing a ministerial act.

*Id.* at 308 (citations omitted).

Similarly, in *Gibbons*, an officer rear-ended Gibbons while at a stop light as he was checking his on-board computer terminal to determine whether another nearby vehicle had been stolen. *Gibbons*, 150 S.W.3d at 880. When the officer glanced down to see the results of his computer query, his patrol car moved forward, hitting Gibbons's vehicle. *Id.*. We determined that the officer was performing the ministerial act of driving a police vehicle when he struck Gibbons's car from behind. *Id.* at 886. And because the officer was operating his vehicle in a non-emergency situation, "he was obligated to operate his patrol car in a safe manner in accordance with traffic laws and was performing a ministerial function." *Id.*

In *Jenkins*, we were asked to determine whether a K9 officer was engaged in a discretionary or ministerial act when his police dog attacked another officer following a search for a suspect. *Jenkins*, 363 S.W.3d at 811-12. Ultimately, we held that the officer had a ministerial duty to securely restrain the police dog while

7

transporting him away from the search site. *Id.* at 818-19. In reaching this conclusion, we compared the officer's handling of the police dog to driving a patrol vehicle. *Id.* at 817. We observed,

> [L]ike the handling of a vehicle, different rules apply to the handling of a dog when it is being used by a governmental employee in the performance of a discretionary act—like pursuing a suspect. But as *Gibbons* illustrates, the use of the same tool can be discretionary in some circumstances and ministerial in others. An officer can exercise discretion in deciding when and how to use a potentially dangerous tool, and still have a ministerial duty in using the tool under other circumstances.

*Id.* at 818 (citations omitted).

Here, as in the examples we have described, there is no evidence of an emergency or any urgent circumstance. Officer De La Guardia was searching for a suspect alleged to have caused a disturbance outside a business. He was not driving the vehicle at a high rate of speed. Just before the accident, he slowed to ten to fifteen miles per hour and checked for oncoming traffic before attempting a left turn.

To be sure, an officer's operation of a vehicle can be discretionary even if there is no emergency. *See Collins*, 2014 WL 3051231, at *4 (citing *Ramos*, 35 S.W.3d at 727-29). But cases like *Brooks*, *Collins*, *Daniels*, *Halton*, and *Harless* all involved accidents that occurred in circumstances fairly characterized as urgent when the officer was responding at an increased rate of speed. The distinction between ministerial and discretionary acts is often one of degree,[2] and that is true here. The present case is more like *Jenkins*, *Woods*, and *Gibbons*, than the cases cited by the City.

---

[2] *See Ramos*, 35 S.W.3d at 727.

Acknowledging that Officer De La Guardia was not responding to an emergency, the City contends that his acts were discretionary nonetheless because he was conducting an investigation. The City directs us to several cases holding that an investigation is a discretionary function. *See Dorough v. Faircloth*, 443 S.W.3d 278, 288 (Tex. App.—San Antonio 2014, no pet.) ("Therefore, we hold that a deputy game warden performs a discretionary function when the deputy investigates a complaint."); *Wethington v. Mann*, 172 S.W.3d 146, 151 (Tex. App.—Beaumont 2005, no pet.) ("Investigating and acting on gathered facts is a discretionary function."); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 121 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("The duties incident to investigating a crime are discretionary ones.").

But none of these cases involved a claim arising from an officer's alleged negligence while driving a motor vehicle. *See Dorough*, 443 S.W.3d at 281-82 (plaintiffs sued officer for several intentional torts, none of which involved the use of motor vehicle); *Wethington*, 172 S.W.3d at 148 (shooting an attacking dog is discretionary); *Kmiec*, 902 S.W.2d at 120 (officer performs discretionary act when investigating allegations and signing a probable cause affidavit).[3] Although Officer

---

[3] Several other cases cited by the City are likewise inapposite because the injury-causing act did not involve the use of a motor vehicle. *See Gonzales v. Kelley*, No. 01-10-00109-CV, 2010 WL 2650615, at 1-3 (Tex. App.—Houston [1st Dist.] July 1, 2020, no pet.) (mem. op.) (no dispute that officers performed discretionary duties during transfer of inmate from prison cell to prison mental health unit); *Wheelock v. Behrens*, No. 04-01-00312-CV, 2002 WL 112545, at *2 (Tex. App.—San Antonio Jan. 30, 2002, no pet.) (not designated for publication) ("Sheriff Hierholzer confirms that the manner of unloading the inmates was left to Deputy Behrens's discretion. Therefore, Deputy Behrens was performing a discretionary act when Wheelock fell and injured himself."); *Tex. Dep't of Criminal Justice v. Watt*, 949 S.W.2d 561, 566 (Tex. App.—Waco 1997, no writ) (officers were performing discretionary act when moving prisoner from one cell to another); *Tex. Dep't of Pub. Safety v. Perez*, 905 S.W.2d 695, 699 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (officer's decision to restrain and handcuff plaintiff following traffic stop "to prevent escalation of the situation, for their security[,] and the security of others" was discretionary act).

9

De La Guardia may have been investigating a disturbance when the accident occurred, that fact does not necessarily mean that even the ministerial operation of his vehicle during the investigative process is protected by immunity. In *Gibbons*, the accident occurred when the officer was investigating whether a nearby vehicle was stolen  But we explained that the officer's "negligent operation of his vehicle was separate and apart from his action of checking the license plate." *Gibbons*, 150 S.W.3d at 886. The City's argument fails to focus on the nature of Officer De La Guardia's conduct that allegedly caused Hulick's injury—his failure to yield the right-of-way to oncoming traffic in attempting a left turn. *See Jenkins*, 363 S.W.3d at 815, 817. There are no governmental or investigative concerns that played any role in how Officer De La Guardia should have operated his vehicle in simply making a turn. *Cf. id.* at 819 ("Thomas identified no governmental concerns that played any role in the decision not to securely restrain Rudy while transporting him away from the search site"); *Gibbons*, 150 S.W.3d at 886 (officer's failure to maintain proper lookout and keep a proper distance caused accident, not his action of checking license plate of vehicle he suspected was stolen). As we explained in *Woods*, limiting the focus of our inquiry to any decisions requiring some judgment prior to an accident would make it nearly impossible for a plaintiff to make a viable claim under the TTCA; doing so would, "in effect, merge the discretionary function element of the official immunity defense into the third element of the defense, whether the employee was acting within the scope of his authority. An official cannot be immune from liability simply because he is on duty." *Woods*, 933 S.W.2d at 308.

On this record, we cannot agree that the City met its burden to establish that Officer De La Guardia is entitled to official immunity, and thus that its own immunity remains intact. Because the City failed in its burden, we sustain Hulick's

first issue and hold that the trial court erred in granting the City's plea to the jurisdiction. Our resolution of this issue makes it unnecessary to reach his remaining issues. *See* Tex. R. App. P. 47.1.

## Conclusion

Because Officer De La Guardia was not performing a discretionary function when he struck Hulick's motorcycle while turning, the officer is not entitled to official immunity, and the trial court erred by granting the City's plea to the jurisdiction. Accordingly, we reverse the trial court's order dismissing this case, and we remand to the trial court for further proceedings.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.