# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-05-00549-CV

---

**City of Austin, Appellant**

**v.**

**Anwar Choudhary, Individually, and as next friend of A.C., a minor, and
Talat Choudhary, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN403979, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The City of Austin brings this interlocutory appeal from the district court's order

denying its motion for summary judgment. Anwar Choudhary, individually and as next friend of

Ahmed Choudhary, a minor, and Talat Choudhary sued the City for damages arising from the

negligent operation of a motor vehicle by a governmental employee under the Texas Tort Claims Act

(the Act). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & West Supp.

2005).[1] In its first issue, the City contends that because its employee enjoyed official immunity, it

was entitled to sovereign immunity. In its second issue, the City claims that the Act's limited waiver

of sovereign immunity does not apply to the Choudharys' claim because its employee was

responding to an emergency at the time of the underlying accident. Because the City did not

---

[1] We refer to appellees collectively as the "Choudharys."

establish as a matter of law that its employee was entitled to official immunity and that the Act's emergency exceptions apply to this case, we affirm the district court's order denying the City's motion for summary judgment.

**BACKGROUND**

On April 8, 2004, Engine 22 of the Austin Fire Department responded to a 911 report that a resident of a local trailer park was setting small fires to burn the insulation off of copper wire. According to witnesses, the suspect fled the scene when he heard the sirens of approaching fire engines. The firefighters secured the scene and returned to their station. Approximately six hours later, Engine 22 returned to the trailer park in response to a second report involving the same suspect.[2] While in route, Engine 22 requested that Austin police officers and an arson investigator be dispatched.[3] When the firefighters arrived, the suspect extinguished the fire himself but did not flee. Shortly thereafter, the Department's arson investigator, Captain Aaron Woolverton, arrived at the trailer park and began processing the scene. The firefighters and the police officers left the trailer park while Captain Woolverton conducted his investigation. Captain Woolverton spoke to the suspect momentarily and issued him a citation.

After issuing the citation, Captain Woolverton interviewed two witnesses. He then returned to his truck and left the trailer park. Captain Woolverton instantly realized that he had

---

[2] There is no evidence in the record conclusively establishing that a second 911 report was made before Engine 22 returned to the trailer park on April 8.

[3] The police officers were requested to ensure that the suspect did not leave before the Department's arson investigator arrived.

failed to take photographs of the scene. He quickly returned and parked his truck facing towards the interior of the trailer park. He took the necessary photographs and returned to his truck. While packing his equipment, he briefly spoke to a "ten or eleven year old" boy who was riding his bike on the trailer park's interior driveway. Captain Woolverton also observed a small child, A.C., riding a "big wheel" towards the trailer park's exit. Captain Woolverton finished packing his equipment and got into the truck to leave. He pulled forward and turned into a resident's driveway in order to execute a three-point turn. He then reversed out of the driveway so that the rear of his truck was pointed towards the interior of the trailer park. Finally, he began to drive forward, towards the exit to the main thoroughfare. After driving only ten to fifteen feet, he heard a "crunch." He immediately got out and discovered that he had struck A.C., on his big wheel, with his truck. Captain Woolverton pulled A.C. from beneath the truck and called 911. A.C. sustained a broken arm and leg as a result of the accident.

Anwar Choudhary, as next friend of A.C., filed suit in district court alleging that A.C.'s injuries were the result of Captain Woolverton's negligent operation of a motor vehicle and that the City was liable for its employee's negligence.[4] The City generally denied all of the Choudharys' allegations and asserted the affirmative defense of sovereign immunity. The City also filed a motion for summary judgment claiming that it had conclusively established three independent bases for sovereign immunity. The City argued that its sovereign immunity is derived from Captain

---

[4] Anwar Choudhary is A.C.'s father. In addition, Talat Choudhary, A.C.'s mother, is seeking damages for the emotional distress she experienced as a result of her "sensory and contemporaneous observance of the accident."

Woolverton's official immunity. The City also maintained that it is entitled to sovereign immunity under two of the statutory emergency exceptions to the limited waiver of immunity contained in the Texas Tort Claims Act. After a hearing, the district court denied the City's motion. This interlocutory appeal followed. *See id*. § 51.014(a)(5) (West Supp. 2005) (providing for interlocutory appeal from order that denies motion for summary judgment based on assertion of immunity by governmental actor).

### STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met the summary-judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review the trial court's grant of summary judgment *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). To accomplish this, the defendant-movant must present summary-judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

DISCUSSION

In two issues, the City contends that the district court erred in denying summary judgment based on sovereign immunity (1) derivative of Captain Woolverton's official immunity and (2) pursuant to the statutory exceptions to the Act's limited waiver of sovereign immunity.

## Official Immunity

Official immunity is an affirmative defense that shields governmental employees from personal liability so that they are encouraged to vigorously perform their official duties. *Telthorster v. Tennell*, 92 S.W.3d 457, 460-61 (Tex. 2002). When a governmental employee is shielded by official immunity, sovereign immunity shields the governmental employer from vicarious liability. *University of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). The purpose of the doctrine of official immunity is to protect public officers from civil liability for conduct that would otherwise be actionable. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653-54 (Tex. 1994). A governmental employee is entitled to official immunity for (1) the performance of discretionary duties (2) that are within the scope of the employee's authority, (3) provided that the employee acts in good faith. *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161; *Telthorster*, 92 S.W.3d at 461. In the summary-judgment context, a defendant asserting official immunity must conclusively establish all three elements. *Telthorster*, 92 S.W.3d at 461.

The City contends that it is entitled to sovereign immunity because the evidence in the record conclusively establishes that Captain Woolverton is shielded by official immunity. We agree that the evidence in the record demonstrates that at the time of the accident Captain

Woolverton was acting within the scope of his authority and in good faith. However, Captain Woolverton was not performing a discretionary duty.

Actions that involve personal deliberation, decision, and judgment are discretionary; actions that require obedience to orders or the performance of a duty as to which the actor had no choice are ministerial. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 703 (Tex. App.—Austin 2005, no pet.). In determining whether conduct is discretionary, we focus on whether the public official was performing a discretionary function, not on whether he had discretion to do an allegedly wrongful act while discharging that function. *See Chambers*, 883 S.W.2d at 653.

Unlike high speed chases or traffic stops, merely operating a car in a non-emergency situation does not involve personal deliberation or the exercise of professional expertise, decision, or judgment. *Harris County v. Gibbons*, 150 S.W.3d 877, 886 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Driving a car simply requires a person to perform in a prescribed manner in obedience to the method of legal authority, without regard to the propriety of the act being done. *Id*. Therefore, absent special circumstances that suggest the official was performing a discretionary function, such as engaging in a high speed chase, the driving of a motor vehicle while on non-emergency business is a ministerial act. *Id*.; *Texas Dep't of Pub. Safety v. Cordes*, 85 S.W.3d 342, 345 (Tex. App.—Austin 2002, no pet.).

No emergency existed at the time Captain Woolverton struck A.C. with his truck. The fires that were set earlier in the day had been extinguished. All fire department and police personnel had left the scene. Captain Woolverton had already issued a citation and completed his

6

investigation. Captain Woolverton was in the process of leaving the trailer park when the accident occurred; there is nothing in the record that suggests he was leaving in response to another emergency. Consequently, Captain Woolverton was performing a ministerial act when his truck struck A.C. *See Gibbons*, 150 S.W.3d at 886 (driving motor vehicle while on non-emergency business constitutes ministerial act). Thus, he is not entitled to official immunity. *Telthorster*, 92 S.W.3d at 461. Because Captain Woolverton is not entitled to official immunity, sovereign immunity does not shield the City, as Captain Woolverton's employer, from vicarious liability. *Clark*, 38 S.W.3d at 580. We overrule the City's first issue.

**Sovereign immunity not waived**

In its second issue, the City asserts that its sovereign immunity was not waived. A governmental unit is immune from suit and liability unless the state consents. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Id*. The Act waives sovereign immunity for damage and injury caused by the wrongful act or omission or negligence of an employee operating or using a motor vehicle within the scope of his employment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). This waiver does not apply where the claim arises from the action of an employee responding to an emergency call in compliance with applicable laws and ordinances.[5] *Id*. § 101.055(2). In addition, the waiver does not

---

[5] Section 101.055 also states that sovereign immunity is not waived if, in the absence of laws or ordinances governing emergency action, the action is not taken with conscious indifference or reckless disregard for the safety of others. Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2) (West 2005).

7

apply to a claim arising from the actions of an employee who either provides 911 service or responds to a 911 emergency call as long as the employee's actions do not violate an applicable statute or ordinance. *Id.* § 101.062(b).

To establish that its sovereign immunity was not waived for the purposes of summary judgment, the City must prove that Captain Woolverton was responding to an emergency call and that he acted in compliance with the laws applicable to the situation. *Id.* §§ 101.055(2), .062(b). There is no allegation that Captain Woolverton violated any laws or acted with conscious indifference or reckless disregard for the safety of others. However, there is no evidence that Captain Woolverton was *responding* to an emergency call at the time of the accident.

The City relies on *Durham v. Bowie County* for the proposition that it is irrelevant whether an emergency existed at the time of the accident if Captain Woolverton believed that he was responding to an emergency. 135 S.W.3d 294, 298 n. 2 (Tex. App.—Texarkana 2004, pet. denied). In *Durham*, Bowie County employees responded to the discovery of a flood-induced chasm in Bowie County Road 4121 by promptly placing warning signs at the site. *Id.* at 295-96. The next day, approximately one hour after the warning signs were removed—without the County's knowledge—by some unknown third party, two motorists were killed when their car fell into that chasm. *Id.* at 296. The motorists' families subsequently sued Bowie County, alleging wrongful death and seeking survivorship damages. *Id.* The trial court found no waiver of sovereign immunity and granted Bowie County's motion for summary judgment. *Id.* On appeal, the families argued that the trial court erred in applying section 101.055's emergency exception because the employees were not responding to an emergency at the time of the accident. *Id.* Our sister court found that it was

8

irrelevant whether an emergency existed at the time of the accident because the underlying cause of action stemmed from the claim that Bowie County was negligent in its response to the threat initially posed by the washout. *Id*. at 298. "In other words, we consider only whether Bowie County was responding to an emergency situation . . . when it placed the signs, as opposed to whether an emergency situation still existed at the time of the accident. . . ." *Id*.

*Durham* does not apply here because the Choudharys do not allege that Captain Woolverton negligently responded to an emergency. The Choudharys contend that Captain Woolverton struck A.C. while negligently operating his vehicle while on non-emergency business. Captain Woolverton was not on Engine 22 when it responded to the second report of open fires at the trailer park. He did not participate in suppressing the fire, nor was it his job to do so. In his deposition, Captain Woolverton explained, "The engine companies are there for suppression activities, just to put fires out, to mitigate emergencies. Whenever they find a – what they consider to be a clear violation of law, then they call for an investigator." Captain Woolverton did not respond to an emergency call at the trailer park; he was dispatched at the engine company's request to investigate whether a city ordinance had been violated. He arrived after the fires were extinguished and began his investigation. All of the emergency personnel at the trailer park left shortly after Captain Woolverton arrived. Captain Woolverton completed his investigation, issued a citation and then left the trailer park. He immediately realized that he had forgotten to take certain photographs of the scene and returned to the trailer park. When the accident occurred, Captain Woolverton was simply leaving the trailer park a second time after taking his photographs; there is no evidence indicating that he was responding to another emergency at that time. Therefore, the

9

emergency exceptions do not apply, and the City's sovereign immunity is waived. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(a), .055(2), .062(b). We overrule the City's second issue.

## CONCLUSION

Because the City did not establish as a matter of law that Captain Woolverton is entitled to official immunity or that the Act's emergency exceptions apply to this case, we hold that the City is not shielded by sovereign immunity and affirm the district court's order denying summary judgment.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   June 16, 2006