TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-05-00549-CV






City of Austin, Appellant


v.


Anwar Choudhary, Individually, and as next friend of A.C., a minor, and

Talat Choudhary, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN403979, HONORABLE DARLENE BYRNE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 The City of Austin brings this interlocutory appeal from the district court's order
denying its motion for summary judgment. Anwar Choudhary, individually and as next friend of
Ahmed Choudhary, a minor, and Talat Choudhary sued the City for damages arising from the
negligent operation of a motor vehicle by a governmental employee under the Texas Tort Claims Act
(the Act). See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & West Supp.
2005). (1) In its first issue, the City contends that because its employee enjoyed official immunity, it
was entitled to sovereign immunity. In its second issue, the City claims that the Act's limited waiver
of sovereign immunity does not apply to the Choudharys' claim because its employee was
responding to an emergency at the time of the underlying accident. Because the City did not
establish as a matter of law that its employee was entitled to official immunity and that the Act's
emergency exceptions apply to this case, we affirm the district court's order denying the City's
motion for summary judgment. 


BACKGROUND


 On April 8, 2004, Engine 22 of the Austin Fire Department responded to a 911 report
that a resident of a local trailer park was setting small fires to burn the insulation off of copper wire. 
According to witnesses, the suspect fled the scene when he heard the sirens of approaching fire
engines. The firefighters secured the scene and returned to their station. Approximately six hours
later, Engine 22 returned to the trailer park in response to a second report involving the same
suspect. (2) While in route, Engine 22 requested that Austin police officers and an arson investigator
be dispatched. (3)
 When the firefighters arrived, the suspect extinguished the fire himself but did not
flee. Shortly thereafter, the Department's arson investigator, Captain Aaron Woolverton, arrived at
the trailer park and began processing the scene. The firefighters and the police officers left the trailer
park while Captain Woolverton conducted his investigation. Captain Woolverton spoke to the
suspect momentarily and issued him a citation. 

 After issuing the citation, Captain Woolverton interviewed two witnesses. He then
returned to his truck and left the trailer park. Captain Woolverton instantly realized that he had
failed to take photographs of the scene. He quickly returned and parked his truck facing towards the
interior of the trailer park. He took the necessary photographs and returned to his truck. While
packing his equipment, he briefly spoke to a "ten or eleven year old" boy who was riding his bike
on the trailer park's interior driveway. Captain Woolverton also observed a small child, A.C., riding
a "big wheel" towards the trailer park's exit. Captain Woolverton finished packing his equipment
and got into the truck to leave. He pulled forward and turned into a resident's driveway in order to
execute a three-point turn. He then reversed out of the driveway so that the rear of his truck was
pointed towards the interior of the trailer park. Finally, he began to drive forward, towards the exit
to the main thoroughfare. After driving only ten to fifteen feet, he heard a "crunch." He immediately
got out and discovered that he had struck A.C., on his big wheel, with his truck. Captain Woolverton
pulled A.C. from beneath the truck and called 911. A.C. sustained a broken arm and leg as a result
of the accident.

 Anwar Choudhary, as next friend of A.C., filed suit in district court alleging that
A.C.'s injuries were the result of Captain Woolverton's negligent operation of a motor vehicle and
that the City was liable for its employee's negligence. (4) The City generally denied all of the
Choudharys' allegations and asserted the affirmative defense of sovereign immunity. The City also
filed a motion for summary judgment claiming that it had conclusively established three independent
bases for sovereign immunity. The City argued that its sovereign immunity is derived from Captain
Woolverton's official immunity. The City also maintained that it is entitled to sovereign immunity
under two of the statutory emergency exceptions to the limited waiver of immunity contained in the
Texas Tort Claims Act. After a hearing, the district court denied the City's motion. This
interlocutory appeal followed. See id. § 51.014(a)(5) (West Supp. 2005) (providing for interlocutory
appeal from order that denies motion for summary judgment based on assertion of immunity by
governmental actor).


STANDARD OF REVIEW


 In a summary judgment case, the issue on appeal is whether the movant met the
summary-judgment burden by establishing that no genuine issue of material fact exists and that the
movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Southwestern Elec.
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). We review the trial court's grant of summary
judgment de novo. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004). When
reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's favor. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). A defendant is entitled to summary
judgment on an affirmative defense if the defendant conclusively proves all the elements of the
affirmative defense. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). To accomplish
this, the defendant-movant must present summary-judgment evidence that establishes each element
of the affirmative defense as a matter of law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121
(Tex. 1996). 


DISCUSSION


 In two issues, the City contends that the district court erred in denying summary
judgment based on sovereign immunity (1) derivative of Captain Woolverton's official immunity
and (2) pursuant to the statutory exceptions to the Act's limited waiver of sovereign immunity.


Official Immunity

 Official immunity is an affirmative defense that shields governmental employees from
personal liability so that they are encouraged to vigorously perform their official duties. Telthorster
v. Tennell, 92 S.W.3d 457, 460-61 (Tex. 2002). When a governmental employee is shielded by
official immunity, sovereign immunity shields the governmental employer from vicarious liability. 
University of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000). The purpose of the doctrine of
official immunity is to protect public officers from civil liability for conduct that would otherwise
be actionable. See City of Lancaster v. Chambers, 883 S.W.2d 650, 653-54 (Tex. 1994). A
governmental employee is entitled to official immunity for (1) the performance of discretionary
duties (2) that are within the scope of the employee's authority, (3) provided that the employee acts
in good faith. Two Thirty Nine Joint Venture, 145 S.W.3d at 161; Telthorster, 92 S.W.3d at 461. 
In the summary-judgment context, a defendant asserting official immunity must conclusively
establish all three elements. Telthorster, 92 S.W.3d at 461.

 The City contends that it is entitled to sovereign immunity because the evidence in
the record conclusively establishes that Captain Woolverton is shielded by official immunity. We
agree that the evidence in the record demonstrates that at the time of the accident Captain
Woolverton was acting within the scope of his authority and in good faith. However, Captain
Woolverton was not performing a discretionary duty.

 Actions that involve personal deliberation, decision, and judgment are discretionary;
actions that require obedience to orders or the performance of a duty as to which the actor had no
choice are ministerial. Ballantyne v. Champion Builders, Inc., 144 S.W.3d 417, 425 (Tex. 2004);
City of San Angelo Fire Dep't v. Hudson, 179 S.W.3d 695, 703 (Tex. App.--Austin 2005, no pet.). 
In determining whether conduct is discretionary, we focus on whether the public official was
performing a discretionary function, not on whether he had discretion to do an allegedly wrongful
act while discharging that function. See Chambers, 883 S.W.2d at 653.

 Unlike high speed chases or traffic stops, merely operating a car in a non-emergency
situation does not involve personal deliberation or the exercise of professional expertise, decision,
or judgment. Harris County v. Gibbons, 150 S.W.3d 877, 886 (Tex. App.--Houston [14th Dist.]
2004, no pet.). Driving a car simply requires a person to perform in a prescribed manner in
obedience to the method of legal authority, without regard to the propriety of the act being done. Id. 
Therefore, absent special circumstances that suggest the official was performing a discretionary
function, such as engaging in a high speed chase, the driving of a motor vehicle while on
non-emergency business is a ministerial act. Id.; Texas Dep't of Pub. Safety v. Cordes, 85 S.W.3d
342, 345 (Tex. App.--Austin 2002, no pet.).

 No emergency existed at the time Captain Woolverton struck A.C. with his truck. 
The fires that were set earlier in the day had been extinguished. All fire department and police
personnel had left the scene. Captain Woolverton had already issued a citation and completed his
investigation. Captain Woolverton was in the process of leaving the trailer park when the accident
occurred; there is nothing in the record that suggests he was leaving in response to another
emergency. Consequently, Captain Woolverton was performing a ministerial act when his truck
struck A.C. See Gibbons, 150 S.W.3d at 886 (driving motor vehicle while on non-emergency
business constitutes ministerial act). Thus, he is not entitled to official immunity. Telthorster, 92
S.W.3d at 461. Because Captain Woolverton is not entitled to official immunity, sovereign
immunity does not shield the City, as Captain Woolverton's employer, from vicarious liability. 
Clark, 38 S.W.3d at 580. We overrule the City's first issue.


Sovereign immunity not waived

 In its second issue, the City asserts that its sovereign immunity was not waived. A
governmental unit is immune from suit and liability unless the state consents. Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). "In a suit against a governmental unit, the
plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of
immunity." Id. The Act waives sovereign immunity for damage and injury caused by the wrongful
act or omission or negligence of an employee operating or using a motor vehicle within the scope
of his employment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). This waiver does not apply
where the claim arises from the action of an employee responding to an emergency call in
compliance with applicable laws and ordinances. (5) Id. § 101.055(2). In addition, the waiver does not
apply to a claim arising from the actions of an employee who either provides 911 service or responds
to a 911 emergency call as long as the employee's actions do not violate an applicable statute or
ordinance. Id. § 101.062(b).

 To establish that its sovereign immunity was not waived for the purposes of summary
judgment, the City must prove that Captain Woolverton was responding to an emergency call and
that he acted in compliance with the laws applicable to the situation. Id. §§ 101.055(2), .062(b). 
There is no allegation that Captain Woolverton violated any laws or acted with conscious
indifference or reckless disregard for the safety of others. However, there is no evidence that Captain
Woolverton was responding to an emergency call at the time of the accident.

 The City relies on Durham v. Bowie County for the proposition that it is irrelevant
whether an emergency existed at the time of the accident if Captain Woolverton believed that he was
responding to an emergency. 135 S.W.3d 294, 298 n. 2 (Tex. App.--Texarkana 2004, pet. denied). 
In Durham, Bowie County employees responded to the discovery of a flood-induced chasm in Bowie
County Road 4121 by promptly placing warning signs at the site. Id. at 295-96. The next day,
approximately one hour after the warning signs were removed--without the County's
knowledge--by some unknown third party, two motorists were killed when their car fell into that
chasm. Id. at 296. The motorists' families subsequently sued Bowie County, alleging wrongful
death and seeking survivorship damages. Id. The trial court found no waiver of sovereign immunity
and granted Bowie County's motion for summary judgment. Id. On appeal, the families argued that
the trial court erred in applying section 101.055's emergency exception because the employees were
not responding to an emergency at the time of the accident. Id. Our sister court found that it was
irrelevant whether an emergency existed at the time of the accident because the underlying cause of
action stemmed from the claim that Bowie County was negligent in its response to the threat initially
posed by the washout. Id. at 298. "In other words, we consider only whether Bowie County was
responding to an emergency situation . . . when it placed the signs, as opposed to whether an
emergency situation still existed at the time of the accident. . . ." Id. 

 Durham does not apply here because the Choudharys do not allege that Captain
Woolverton negligently responded to an emergency. The Choudharys contend that Captain
Woolverton struck A.C. while negligently operating his vehicle while on non-emergency business. 
Captain Woolverton was not on Engine 22 when it responded to the second report of open fires at
the trailer park. He did not participate in suppressing the fire, nor was it his job to do so. In his
deposition, Captain Woolverton explained, "The engine companies are there for suppression
activities, just to put fires out, to mitigate emergencies. Whenever they find a - what they consider
to be a clear violation of law, then they call for an investigator." Captain Woolverton did not 
respond to an emergency call at the trailer park; he was dispatched at the engine company's request
to investigate whether a city ordinance had been violated. He arrived after the fires were
extinguished and began his investigation. All of the emergency personnel at the trailer park left
shortly after Captain Woolverton arrived. Captain Woolverton completed his investigation, issued
a citation and then left the trailer park. He immediately realized that he had forgotten to take certain
photographs of the scene and returned to the trailer park. When the accident occurred, Captain
Woolverton was simply leaving the trailer park a second time after taking his photographs; there is
no evidence indicating that he was responding to another emergency at that time. Therefore, the
emergency exceptions do not apply, and the City's sovereign immunity is waived. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.021(a), .055(2), .062(b). We overrule the City's second issue.


CONCLUSION


 Because the City did not establish as a matter of law that Captain Woolverton is
entitled to official immunity or that the Act's emergency exceptions apply to this case, we hold that
the City is not shielded by sovereign immunity and affirm the district court's order denying summary
judgment.



 

 Bea Ann Smith, Justice 

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: June 16, 2006

1. We refer to appellees collectively as the "Choudharys."
2. There is no evidence in the record conclusively establishing that a second 911 report was
made before Engine 22 returned to the trailer park on April 8. 
3. The police officers were requested to ensure that the suspect did not leave before the
Department's arson investigator arrived.

4. Anwar Choudhary is A.C.'s father. In addition, Talat Choudhary, A.C.'s mother, is seeking
damages for the emotional distress she experienced as a result of her "sensory and contemporaneous
observance of the accident."
5. Section 101.055 also states that sovereign immunity is not waived if, in the absence of laws
or ordinances governing emergency action, the action is not taken with conscious indifference or
reckless disregard for the safety of others. Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2) (West
2005).