192 So.2d 775 (1966)
Fred SANDS, Appellant,
v.
IVY LIQUORS, INC., a Florida Corporation, Appellee.
No. 65-1032.
District Court of Appeal of Florida. Third District.
December 13, 1966.
Alan B. Brody and Samuel J. Hannon, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellee.
*776 Before HENDRY, C.J., and CARROLL and SWANN, JJ.
SWANN, Judge.
The plaintiff sought to recover for injuries received when, in the course of a conversation in the defendant's liquor store, a gun held by the co-defendant store manager discharged. At trial, the store owner was granted a directed verdict, which the plaintiff now challenges by this appeal. The manager, not a party to this appeal, defaulted and a $3,500 jury verdict was returned for the plaintiff against him.
The store was a combination bar and package store and the manager was given complete responsibility for the premises. His duties ranged from socializing with customers (to stimulate business) to exercising discretion over the extension of credit and collection of bills. In addition, the store furnished him with a gun for use in preventing thefts. This gun was kept in a holster underneath the counter of the package store.
The incident from which this action arose occurred one evening shortly after the package store portion of the premises had closed. The plaintiff and another man had come to discuss a bill. Prior to actually discussing the bill, however, the men engaged in some "horseplay." The manager pulled out the gun and waved it at the men, although he knew them and did not fear them. With the gun still in his hand, the manager reached up to pull a light string so that they could get down to the business at hand. It was at this point, when he pulled the string, that the gun went off.
The correctness of the judge's ruling in directing the verdict hinges upon whether there was evidence to indicate that the manager was acting within the real or apparent scope of his employment at the time the gun discharged. Viewing the evidence in a light most favorable to the party moved against,[1] it would appear that there was an issue of fact to have been submitted to the jury. A jury might have concluded that the horseplay amounted to a somewhat overzealous application of the manager's duties to be "sociable and friendly" to the patrons or that the gun went off as the manager was beginning to transact store business with the plaintiff. We therefore reverse and remand with instructions to grant the plaintiff a jury trial.
The general rule is that an employer may be held accountable for the wrongful act of his employee, committed while the employee was acting in his employer's business, although the act was not authorized by the employer, or although the employer had no knowledge thereof, or had disapproved it, or had even expressly forbidden it. Stinson v. Prevatt, 84 Fla. 416, 94 So. 656 (1922).
In Columbia by the Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190, Chief Judge Allen, speaking for the Second District, gives an excellent exposition of the law pertaining to the doctrine of respondeat superior. He notes that "each case involving respondeat superior must be determined on its own unique facts. * * * Accordingly, it is to the evidence and permissive inferences in this case that attention must be directed."
Plaintiff advances a persuasive argument that under the dangerous instrumentality doctrine the court should have directed a verdict in his favor and that failure to do so was error. It appears from the record, however, that this issue was never properly raised before the trial court, and it may not be raised for the first time on appeal.
We therefore reverse and remand for trial before a jury in accordance with the opinions expressed herein.
It is so ordered.
NOTES
[1] Ball v. Inland Mutual Insurance Co., Fla.App. 1960, 121 So.2d 470.