281 So.2d 392 (1973)
Howard D. GARNER and Mary Garner, Appellants,
v.
John Cleveland SAUNDERS et al., Appellees.
No. 73-129.
District Court of Appeal of Florida, Second District.
August 8, 1973.
Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellants.
William T. Keen, Tampa, for appellee City of Tampa.
James C. Delesie, Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee Continental Cas. Co.
R. Corbin Glos, Glos & Carson, Tampa, for appellee Reserve Ins. Co.
LILES, Judge.
Appellants, Howard D. Garner and wife, Mary Garner, sued John Cleveland Saunders, a police officer, the City of Tampa, a municipal corporation, Continental Casualty Company, a corporation, and Reserve Insurance Company, a corporation. The trial judge entered a summary judgment in favor of defendants, City of Tampa, Continental Casualty Company and Reserve Insurance Company, on the grounds that there were no issues of material fact and, as a matter of law, no evidence from which it could be reasonably inferred that John Cleveland Saunders was acting within the scope of his employment as a police officer for the City of Tampa with respect to the facts giving rise to this case.
John Saunders had completed his normal daily tour of duty and was having a drink while waiting for his girl friend at Conner's Corner Bar at approximately 2:30 in the morning when an altercation occurred. *393 As a result of the altercation, John Saunders shot appellant Howard D. Garner with his revolver.
By virtue of a city regulation, all police officers are required to carry firearms at all times. Even more significant, however, is Regulation 1102.01 of the Tampa Police Department Rules and Regulations entitled "Service Requirements" which reads:
"Members are held to be always on duty, although periodically relieved from the routine performance of it. They are always subject to orders from superior officers and to calls from private citizens, and the fact that they may be technically off duty, shall not relieve them from the responsibility of taking proper police action in any matter coming to their attention."
By virtue of the regulations requiring Saunders to be on duty at all times and to be always in possession of a firearm, he may well have acted within the scope of his authority when he used his revolver as he did here. It is reasonable to conclude that such requirements carry with them a reasonable presumption that he might be in a position to use his revolver even though he may not be in uniform and may be nominally off duty. To say the least, whether or not he was acting within the scope of his employment was a jury question. In view of these facts we believe summary judgment was erroneously entered as to the City of Tampa and its insurers. See Columbia By the Sea, Inc. v. Petty, 157 So.2d 190 (2d D.C.A.Fla. 1963); Sixty-Six, Inc. v. Finley, 224 So.2d 381 (3d D.C.A.Fla. 1969); Sands v. Ivy Liquors, Inc., 192 So.2d 775 (3d D.C.A.Fla. 1966).
Municipal corporations, as employers, have been liable for injuries resulting from the negligent acts of their policemen employees under the doctrine of respondeat superior since Hargrove v. City of Cocoa Beach, 96 So.2d 130 (Fla. 1957). The vicarious liability of the employer has always been based upon the belief that the master should be responsible for hiring or retaining negligent or violent employees and for failing to control employees, especially those entrusted with dangerous instrumentalities. Where a municipal corporation requires its policemen to carry firearms at all times, it should be liable, just as a private employer, for not controlling its employees who are required by the employer to carry these highly dangerous instrumentalities. Whether or not the City has exercised adequate control or, whether under these facts, Saunders needed any controlling would be other jury questions, limited, however, by the allegations of the complaint.
Summary judgment as to the City of Tampa, Continental Casualty Company and Reserve Insurance Company is reversed and the case is remanded for action consistent with this opinion.
MANN, C.J., and McNULTY, J., concur.