**HARRIS COUNTY, Appellant,**

**v.**

**Barbara GIBBONS, Appellee.**

**No. 14-02-00398-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 18, 2004.

Stephen A. Smith, Houston, for Appellant.

Lorin M. Subar, Dallas, and Stephen George Boutros, Houston, for Appellees.

Panel consists of Justices ANDERSON, FOWLER, and SEYMORE.

## OPINION ON REHEARING

WANDA McKEE FOWLER, Justice.

We withdraw the opinion of December 16, 2003 and issue this opinion on rehearing. Appellant's Motion for Rehearing En Banc is overruled.

In this negligence action, Harris County appeals a judgment in favor of appellee, Barbara Gibbons, on the grounds that: (1) the evidence was legally and factually insufficient to support the jury's finding that a Harris County deputy was acting within the scope of his employment at the time of the accident at issue; and (2) the trial court erred in ignoring the jury's finding that the deputy was acting in good faith. We affirm.

### I. BACKGROUND

The facts in this case are essentially undisputed. Harris County Deputy Sheriff Robert Barber rear-ended an automobile driven by Barbara Gibbons. At the time of the accident, Barber was driving a Harris County Sheriff's Department patrol car; however, his shift as a Harris County deputy sheriff had ended and he was on his way to another job. The accident occurred when Barber, stopped at a red light behind Gibbons' vehicle, entered the license number of an adjacent truck into his on-board computer terminal to determine if it was stolen. As Barber glanced down at the terminal to see the results of his query, the patrol car moved forward, striking Gibbons' vehicle.

Gibbons sued Harris County under the Texas Tort Claims Act[1] for personal inju-

---

**1.** TEX. CIV. PRAC. & REM.CODE §§ 101.001–.109. All subsequent references to the "Act" are to the Texas Tort Claims Act.

ries suffered as a result of the accident.[2] The matter was tried to a jury and judgment was rendered against Harris County in the amount of $27,000.

## II. SCOPE OF EMPLOYMENT

In its first issue, Harris County argues that the evidence at trial was legally and factually insufficient to support the jury's finding that Barber was acting in the course and scope of his employment at the time of the accident. Harris County sets forth several assertions in support of its argument: (1) Barber was on his way to a personal errand and the county had not directed his route, therefore, analogizing to workers compensation cases, Barber was considered off-duty; (2) Barber did not actually see any criminal activity taking place, and therefore he was not acting within the scope of his employment; (3) Barber was benefitting himself by using the patrol car, thus, under the "dual purpose doctrine" Barber was off-duty; and (4) under the language of section 612.005 of the Texas Government Code,[3] Barber's use of the patrol car is insufficient to establish he was acting in the course and scope of employment.

### A. Standard of Review

When a party attacks the legal sufficiency of an adverse finding on an issue it did not have the burden to prove at trial, it must demonstrate that there is no evidence to support the adverse finding. *Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 347 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (citing

*Croucher v. Croucher*, 660 S.W.2d 55 (Tex. 1983)). In reviewing a no-evidence issue, we consider only the evidence favoring the finding, disregarding all direct and circumstantial evidence to the contrary. *Id.* (citing *Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002)). We are "required to determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994).

A challenge to the legal sufficiency of the evidence must be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).[4]

### B. Analysis

Under the doctrine of sovereign immunity, governmental entities are not liable for the negligence of their employees absent a constitutional or statutory waiver of immunity. *Univ. of Tex. Med. Branch*

---

2. Gibbons also initially sued Deputy Barber, but nonsuited him following his testimony.

3. This provision, cited more fully *infra*, states that a governmental entity must provide insurance for officers driving government-owned vehicles, even when those officers are "off duty." TEX. GOV'T CODE § 612.005(b).

4. A complaint concerning factual insufficiency of the evidence to support a jury finding must be preserved by filing a motion for new trial. TEX.R. CIV. P. 324(b). Harris County did not file a motion for new trial. Thus, it has waived that point on appeal and we do not address it.

*v. York,* 871 S.W.2d 175, 177 (Tex.1994); *City of El Paso v. W.E.B. Invs.,* 950 S.W.2d 166, 169 (Tex.App.-El Paso 1997, pet. denied). Whether there has been a statutory waiver of immunity is a question of law for the court to decide based upon the facts of the case. *City of El Paso,* 950 S.W.2d at 169.

As noted, Gibbons brought suit against Harris County under the Act, which provides that a governmental unit is liable for personal injuries caused by the wrongful act, omission, or negligence of an employee acting within the scope of his employment if the personal injury was the result of the operation or use of a motor-driven vehicle and the employee would be liable to the claimant under Texas law. TEX. CIV. PRAC. & REM.CODE § 101.021(1). "Scope of employment" is defined in the Act as "the performance for a governmental unit of the duties of an employee's office or employment and includes *being in or about the performance of a task lawfully assigned* to an employee by competent authority." *Id.* § 101.001(5) (emphasis added).

▮▮▮ Essentially, Harris County argues that Deputy Barber could not be acting within the scope of his employment because he was off-duty. However, scope of employment is not determined simply on the basis of whether an officer is technically off-duty or on-duty. Indeed, it is well established that an off-duty officer can still be engaged in the lawful discharge of his duties. *See Morris v. State,* 523 S.W.2d 417, 418 (Tex.Crim.App.1975); *Wood v. State,* 486 S.W.2d 771, 774 (Tex.Crim.App. 1972); *Firemen's & Policemen's Civil Serv. Comm'n v. Burnham,* 715 S.W.2d 809, 811 (Tex.App.-Austin 1986, writ denied). Instead, when determining the status of an officer, we must ask "in what capacity was the officer acting at the time he committed the acts for which the com-

plaint was made?" *Blackwell v. Harris County,* 909 S.W.2d 135, 139 (Tex.App.-Houston [14th Dist.] 1995, writ denied). If an officer is performing a public duty, such as enforcement of general laws, he is acting "in the course and scope of his employment as a police officer even if the [private] employer directed him to perform the duty." *Bridges v. Robinson,* 20 S.W.3d 104, 111 (Tex.App.-Houston [14th Dist.] 2000, no pet.), *disapproved of on other grounds, Telthorster v. Tennell,* 92 S.W.3d 457, 464 (Tex.2002); *see Mansfield v. C.F. Bent Tree Apartment Ltd. P'ship,* 37 S.W.3d 145, 150 (Tex.App.-Austin 2001, no pet.); *see also Blackwell,* 909 S.W.2d at 139. Moreover, every peace officer has a duty to preserve the peace. *Mansfield,* 37 S.W.3d at 151; *City of Dallas v. Half Price Books, Records, Magazines, Inc.,* 883 S.W.2d 374, 377 (Tex.App.-Dallas 1994, no writ) ("Police officers have a duty to prevent crime and arrest offenders."). An officer is not relieved of this duty simply because he is "off-duty." *Blackwell,* 909 S.W.2d at 139. In fact, as a matter of law, an off-duty officer who observes a crime becomes an on-duty peace officer. *City of Dallas,* 883 S.W.2d at 377; *see also Mansfield,* 37 S.W.3d at 149–50. When there is no immediate crime and the off-duty officer is protecting a private employer's property or otherwise enforcing a private employer's rules or regulations, the trier of fact determines whether the officer was acting as a public officer or as a servant of the employer. *Mansfield,* 37 S.W.3d at 150; *see Blackwell,* 909 S.W.2d at 139–40.

▮▮▮ Here, Barber testified that he checked the license plate number of the truck to "stop possible crime" and there was "just cause" to believe the vehicle may have been stolen. According to Barber, several factors led him to believe the car may have been stolen: (1) it was a vehicle normally known to be stolen in Harris

County and across the nation, and was "favored" by thieves; (2) there was damage to the driver's side lock; and (3) there was a male driving it. Because of these factors, Barber testified it was his "duty to check it out." Barber also stated that, according to Harris County's policy, he is on call twenty-four hours a day, seven days a week, and is required to carry his gun, badge, and identification at all times. He is expected to react to any breach of the peace at the moment it occurs, and stated he was doing so when he struck Gibbons' car. Also, when the accident occurred Barber had the option to have his radio signed off; however, he was signed on and, had he received any calls, he was required to respond.

Barber testified further that he was entitled to compensatory time regarding the incident because he was investigating a potentially stolen vehicle.[5] Following the accident, Barber went to his substation and filled out the necessary forms required by the county when an officer is involved in an accident.[6] Barber testified further that he was doing his job by checking the license plate and was doing it for the citizens of Harris County. We find this testimony legally sufficient to establish that, when Barber checked the license number of the truck, he was acting to prevent crime and was within the scope of his employment as a Harris County deputy sheriff. *Cf. Turnage v. JPI Multifamily, Inc.,* 64 S.W.3d 614, 621 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (portion not designated for publication) (noting a reasonable suspicion may trigger an off-duty officer's "public duty").

Although Barber may have been technically "off-duty" at the moment of the accident, his actions—admittedly the direct cause of the accident—were within his capacity as a peace officer. Barber was glancing at his on-board computer, examining the results of the license plate check he had conducted based upon his suspicion that the truck may have been stolen. Those actions fall squarely within the performance of his duties as a deputy sheriff. Indeed, had Barber determined the truck was in fact stolen, he had the obligation as a peace officer to pursue it. A private individual would not have had the ability to run a license check on an in-board computer, nor the responsibility to apprehend the suspect.[7] *See City of Dallas,* 883 S.W.2d at 377; *see also Garner v. Saunders,* 281 So.2d 392, 393 (Fla.Dist.Ct.App.1973) (concluding that the city's regulation that an officer always carry a weapon was probative of whether he was acting in the scope of employment).

Barber was acting at the time of the accident in furtherance of the public interest by acting on his suspicion that the vehicle had been stolen. Therefore, Barber was performing a police function in checking the truck's license plate and was acting within the scope of his employment

5. Barber had not turned in his time, stating he felt bad about the accident.

6. Barber was also represented by the County for some time following the accident.

7. Barber's actions, in checking the license number, might also be construed as an investigation. Certainly, an investigation is an activity which falls within the "tasks lawfully assigned" to a Harris County deputy sheriff and is in furtherance of Harris County's business. *See Turnage,* 64 S.W.3d at 621; *see also Garcia v. City of Houston,* 799 S.W.2d 496, 499 (Tex.App.-El Paso 1990, writ denied) ("[E]ven where an employee is on call [twenty-four] hours a day he must be engaged in or about the furtherance of the affairs or business of his employer to be in the scope of his employment."). During oral argument, Harris County referred to Barber's conduct as an "investigation" on a number of occasions, including its discussion of scope of employment.

as a Harris County deputy sheriff, as that term is defined under the Act. *See City of Houston v. Love*, 612 S.W.2d 211, 213 (Tex. Civ.App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.) (finding that an off-duty officer was in the scope of his employment when a traffic accident occurred while on his way back from the city garage because he was required to take his patrol car in for servicing); *Cuellar v. City of San Antonio*, 821 S.W.2d 250, 256 (Tex.App.-San Antonio 1991, writ denied) (concluding that evidence indicating an officer was off-duty at the time of a murder was insufficient to establish the officer was not acting "under color of law," particularly when testimony established that the city's regulations suggested an officer was considered to be on-duty twenty-four hours a day); *see also Holland v. City of Houston*, 41 F.Supp.2d 678, 700 (S.D.Tex.1999) (noting that the Houston Police Department Manual provided that a technically off-duty officer was not relieved of his responsibility to take prompt and proper police action and finding that an off-duty officer became immediately on-duty when a fight began).[8]

Finally, we address Harris County's argument that section 612.005(b) of the Texas Government Code governs this case. Section 612.005(b) provides:

> The governing body of a political subdivision shall provide for insuring each law enforcement officer appointed or employed by the political subdivision against liability to third persons arising out of the officer's operation of a motor vehicle owned, leased, or otherwise controlled by the political subdivision at any time that the officer is authorized to operate the vehicle, including times that the officer is authorized to operate the vehicle *while off duty*.

TEX. GOV'T CODE § 612.005(b) (emphasis added). Harris County reasons that, because the statute makes reference to an officer being off-duty, an officer can be off-duty while driving a patrol car. Although we agree with this latter premise, it does not address the issue in this case. Here, we must determine whether Barber, technically "off-duty," was performing a police function such that he was acting within the "scope of employment" as that term is defined under the Act. Clearly, the statute does not address whether Barber's actions brought him within the scope of employment.

Harris County also asserts that just because a deputy is in a patrol car, he is not necessarily on-duty.[9] We agree. However, we do not agree that a deputy cannot act within the scope of his employment because he is technically off-duty. Harris County's argument is too simplistic an approach and overlooks established precedent. Although Barber had not specifically witnessed any criminal activity, he had a suspicion that the vehicle may have been

---

**8.** Other jurisdictions also recognize that an officer, technically off-duty, may still be acting within the scope of his employment. *See, e.g., Johnson v. Dufrene*, 433 So.2d 1109, 1112–13 (La.Ct.App.1983) (finding an off-duty officer acting within the course and scope of employment when he struck plaintiff's car while driving unmarked police car, because he was on call twenty-four hours a day to fix malfunctioning filing machines); *District of Columbia v. Davis*, 386 A.2d 1195, 1201–05 (D.C.1978) (concluding that technically off-duty officer was acting within course and scope of employment because regulations re-

quired he always carry his weapon); *Garner*, 281 So.2d at 393 ("By virtue of the regulations requiring Saunders to be on duty at all times and to be always in possession of a firearm, he may well have acted within the scope of his authority....").

**9.** Having concluded that Barber was performing a police function at the moment of the accident, we do not address Harris County's arguments relying on workers compensation cases.

stolen and pursued that possibility. As a consequence, the accident occurred. Barber's actions involved more than simply being in a patrol car.

Based upon the foregoing, we conclude that the evidence was legally sufficient to support the jury's finding that Barber was acting within the scope of his employment at the time of the accident. We overrule appellant's first issue.

### III. OFFICIAL IMMUNITY

█ As an alternative to its first issue, Harris County argues that if we conclude Barber was acting within the scope of his employment, it is entitled to official immunity because the jury found Barber was also acting in good faith.[10] Although the trial court submitted a question to the jury regarding good faith, it disregarded the jury's finding on the issue. In its second issue, Harris County contends the trial court erred in disregarding the jury's finding that Barber acted in good faith.

█ A trial court may disregard a jury finding if the finding is not supported by the evidence or if the issue is immaterial. *Spencer v. Eagle Star Ins. Co. of America,* 876 S.W.2d 154, 157 (Tex.1994); *Harris County v. Garza,* 971 S.W.2d 733, 735 (Tex.App.-Houston [14th Dist.] 1998, no pet.). A trial judge may not ordinarily disregard a jury finding on its own initiative. *St. Paul Fire & Marine Ins. Co. v. Bjornson,* 831 S.W.2d 366, 369 (Tex.App.-Tyler 1992, no writ). If no motion to disregard a jury finding is filed and the trial court sua sponte disregards the finding, the court's action will be upheld only where the disregarded finding is immaterial. *See id.* A question is immaterial when it should not have been submitted or, though properly submitted, is rendered immaterial by other findings. *Spencer,* 876 S.W.2d at 157.

█ Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). If a public official is entitled to official immunity, the employer is also granted immunity. *DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995). Here, the trial court disregarded the finding because Barber was not performing a discretionary duty by operating his vehicle in a non-emergency situation. The trial court found Barber could have checked the license plate without having the accident if he had kept a proper lookout. Barber was negligent in performing the ministerial act of driving a vehicle in a non-emergency and failing to follow the laws of the State of Texas. By disregarding the jury's finding that Barber acted in good faith, the trial court made the implied finding that Barber was not performing a discretionary duty at the time of the accident.[11] In

10. Gibbons argues that Harris County failed to preserve this issue because it did not object to the trial court's statements that it would submit the question on good faith, but ignore the finding when issuing judgment. The trial court made these statements during the charge conferences. Following judgment, Harris County filed a "Motion to Set Aside and/or Modify Judgment" and a motion for judgment notwithstanding the verdict. In both motions, the county argued the point which it now asserts on appeal regarding good faith. Thus, the county advised the trial court of its complaint with specificity and the trial court ruled on it. It sufficiently preserved the issue for our review. *See* TEX. R.APP. P. 33.1(a); *Chappell Hill Bank v. Lane Bank Equip. Co.,* 38 S.W.3d 237, 246–47 (Tex. App.-Texarkana 2001, pet. denied).

11. Because Harris County failed to request an issue on the discretionary duty element of its affirmative defense, there was no jury finding. Harris County had an obligation to request an

addressing whether the trial court erred in disregarding the jury's finding of good faith, we will address the sufficiency of the evidence to support the trial court's implied finding that at the time of the accident Barber was performing a ministerial act.

■ A discretionary act is one that requires "personal deliberation, decision, and judgment." *Chambers,* 883 S.W.2d at 654. Ministerial acts are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Id.* In determining whether conduct is discretionary, we focus on whether the public official was performing a discretionary function, not on whether he had discretion to do an allegedly wrongful act while discharging that function. *Id.*

■ Unlike high speed chases or traffic stops, operating a car in a non-emergency situation does not involve personal deliberation or the exercise of professional expertise, decision, or judgment. *Woods v. Moody,* 933 S.W.2d 306, 308 (Tex.App.-Houston [14th Dist.] 1996, no writ). Driving a car is a ministerial act because it requires a person to perform in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to the propriety of the act being done. *City of Houston v. Daniels,* 66 S.W.3d 420, 425 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Absent special circumstances that suggest the officer was performing a discretionary function, such as engaging in a high speed chase, an officer driving a motor vehicle while on non-emergency business is performing a ministerial act. *Id.*

■ Here, the evidence supports the finding that Barber's actions in failing to maintain a proper lookout and to keep a proper distance from Gibbons' car caused the accident.[12] Further, Barber was not responding to an emergency situation. At trial, Barber acknowledged his duty to follow traffic regulations, including maintaining a proper lookout and proper distance from the vehicle in front of him. Barber's negligent operation of his vehicle was separate and apart from his action of checking the license plate. *See Boyattia v. Hinojosa,* 18 S.W.3d 729, 735 (Tex.App.-Dallas 2000, pet. denied) (constable's decision regarding the manner of parking his patrol car was distinct from his duty to serve court documents). Because Barber was operating his patrol vehicle in a non-emergency situation, he was obligated to operate his patrol car in a safe manner in accordance with traffic laws and was performing a ministerial function. *See Daniels,* 66 S.W.3d at 425.

■ Harris County asserts that because we found facts sufficient to establish Barber was acting within the scope of his employment under the Act, we must necessarily conclude he was performing a discretionary function. Although we have determined Barber was acting within the

issue on whether Barber was performing a discretionary or ministerial function to establish its defense. *See State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 241 (Tex.1992).

12. There were some discrepancies in Barber's testimony regarding whether he properly assessed traffic prior to moving forward. Barber testified that he glanced up before his vehicle began to move and that as he moved forward, Gibbons stopped her car. However, the officer investigating the accident reported Barber stated he was looking down when he noticed traffic on both sides moving forward and he looked up while moving forward, striking Gibbons' car. The jury found Barber proximately caused the accident and attributed 100 percent of the negligence to him.

scope of his employment, because it was a non-emergency situation, he had a duty to operate his vehicle in a safe manner and was therefore performing a ministerial act. A government employee may act within the scope of his employment, but not be protected by immunity. *See e.g. Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994) (differentiating discretionary and ministerial duties of government medical personnel). Because Barber was performing a ministerial function in operating his vehicle in a non-emergency situation, the question of his good faith was immaterial. Therefore, the trial did not err in disregarding the finding. We overrule Harris County's second issue.[13]

## CONCLUSION

Finding no error in the trial court's ruling, we overrule appellant's two issues and affirm the judgment of the trial court.

---

**13.** Having concluded the trial court correctly ignored the jury's findings on good faith, we do not address Gibbons' cross-point on appeal, wherein she contends that the great weight and preponderance of the evidence does not support the jury's verdict on the issue.