In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-216 CV


 ______________________


 

SHANNON McDOWELL, Appellant



V.



DILLARD'S INC., Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. A-166912-A






MEMORANDUM OPINION
 

 Shannon McDowell appeals the trial court's judgment notwithstanding the verdict. (1) 
McDowell argues the trial court erred in ruling Dillard's was not liable for his arrest made
by a police officer employed as a Dillard's security officer. Finding no error, we affirm the
trial court's judgment.

The Arrest

 McDowell wanted to exchange a pair of shoes at Dillard's. He found a pair of shoes
that cost $10 more than the pair he sought to exchange, and asked the salesperson for an even
exchange. According to McDowell, a department manager made a telephone call to David
Hawkins, the store's manager, and Hawkins refused to offer an even exchange. McDowell
walked to another department to meet with Hawkins. Hawkins again refused to offer an even
exchange. McDowell testified that he continued to negotiate a discount. Hawkins asked him
to lower his voice. McDowell responded that his voice was not elevated and that "'I'm a
disgruntled customer. Please don't ask me to lower my voice. I'm not a child.'" Hawkins
informed McDowell that he was calling security. McDowell waited for security to arrive. 

 Officer Juan San Miguel, a Beaumont police officer employed by Dillard's as a
security officer, arrived and talked to Hawkins. During Officer San Miguel's conversation
with Hawkins, McDowell attempted to interject. Officer San Miguel informed McDowell
that he was a Beaumont police officer and told McDowell to "shut up." McDowell testified
that he followed the officer's command. Sometime after Officer San Miguel and Hawkins
resumed their conversation, McDowell asked, among other things, for the name of Hawkins's
supervisor and for Officer San Miguel's badge number. McDowell testified that he was not
disrespectful, he did not yell, and he did not say anything offensive. After McDowell
obtained the information, he intended to leave the store. McDowell testified that as he turned
to leave, Officer San Miguel grabbed him, said he was under arrest, and attempted to throw
him to the ground. The two men struggled, and Officer San Miguel threw McDowell over
the store counter to handcuff him. Officer San Miguel took McDowell to a small room in
a basement area. Another officer transported McDowell to jail. McDowell was charged with
disorderly conduct. A jury acquitted him of the charge.

 According to Hawkins, when he approached McDowell and introduced himself,
McDowell began to yell. Hawkins testified that McDowell was angry, yelling, and
disrupting business. Hawkins asked McDowell to lower his voice, and McDowell stated,
"'I'm not your child. You're not going [to] tell me what to do.'" Hawkins testified that he
felt threatened when McDowell continued to yell and he asked an employee to call security. 
Hawkins indicated that he did not tell McDowell to stay and wait for security to arrive. 

 Hawkins testified that when Officer San Miguel arrived and attempted to speak with
Hawkins, McDowell began to yell. The officer asked McDowell to lower his voice but
McDowell continued to yell. Hawkins indicated that at some point, McDowell began to walk
away and Officer San Miguel told him to stop. The officer touched McDowell's arm and
there was a struggle. Hawkins testified that McDowell continued to yell as he turned, was
bent over the counter, and handcuffed. Hawkins testified that he did not tell Officer San
Miguel to arrest McDowell. 

 Officer San Miguel testified that when he arrived, he approached Hawkins to get his
side of the story. According to the officer, McDowell was yelling, screaming, and talking
in a loud voice. McDowell interrupted the conversation several times. Officer San Miguel
identified himself as a police officer and asked McDowell to be quiet. The officer testified
he asked McDowell to be quiet twice and issued a third command for McDowell to "shut
up." Officer San Miguel indicated that he used the harsher language to get McDowell's
attention and to get McDowell to cooperate. The officer testified that "I had already made
up my mind after the shut up, if the shut up didn't work, then the next loud yelling that I was
going to arrest him." According to Officer San Miguel, McDowell spoke out again and the
officer knew he would arrest McDowell. When McDowell turned around, the officer
touched McDowell on the arm and told McDowell he was under arrest. There was a struggle
and Officer San Miguel bent McDowell over a counter to handcuff him. 

 The officer testified that Hawkins did not tell him to arrest McDowell and he was not
enforcing the store's rules. Officer San Miguel testified that McDowell was arrested for
making loud noise in a public building. The officer testified he was enforcing a disorderly
conduct, loud noise provision of the Texas Penal Code. 

The Lawsuit


 McDowell brought suit against Dillard's for, among other things, false imprisonment
and negligence. A jury rendered a verdict in favor of McDowell, and awarded him $250,000
for past mental anguish and $100,000 for future mental anguish. The jury found that Officer
San Miguel acted in the course and scope of his employment as an employee of Dillard's, and
that Dillard's falsely imprisoned McDowell.

 Dillard's filed a motion for judgment notwithstanding the verdict. Dillard's argued
it was not vicariously liable for Officer San Miguel's actions because Officer San Miguel
was not acting in the course and scope of employment for Dillard's but was acting as a police
officer. Dillard's further argued that Dillard's is not liable for false imprisonment because
Hawkins did not detain McDowell. The court granted the motion and entered a judgment
that McDowell take nothing from Dillard's. 

McDowell's Arguments 

 McDowell argues Dillard's is vicariously liable for negligence and false imprisonment
because Officer San Miguel was acting in his private capacity as a security officer. 
McDowell contends that the question of whether Officer San Miguel arrested McDowell in
his public capacity as a police officer is determined by whether the officer actually witnessed
McDowell commit the offense of disorderly conduct. According to McDowell, if his actions
did not constitute disorderly conduct, then the arrest was made in Officer San Miguel's
private capacity as a Dillard's employee. McDowell contends that because there is some
evidence to support McDowell's description of the events, the jury had to decide the capacity
issue and the trial court should have denied Dillard's motion. 

Vicarious liability

 Under the doctrine of respondeat superior, an employer may be vicariously liable for
the tortious acts of an employee. See St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 541-42 (Tex.
2002). When a police officer performs a public duty, as when he enforces general laws, a
private employer will incur no vicarious responsibility for the officer's acts. Mansfield v.
C.F. Bent Tree Apartment Ltd. P'ship, 37 S.W.3d 145, 150 (Tex. App.--Austin 2001, no
pet.). If there is no immediate crime and the officer engages in protecting the employer's
property, ejecting trespassers, or enforcing the employer's rules and regulations, "the trier
of fact determines whether the officer was acting as a public officer or as a servant of the
employer." Harris County v. Gibbons, 150 S.W.3d 877, 882 (Tex. App.--Houston [14th
Dist.] 2004, no pet.); Mansfield, 37 S.W.3d at 150. 

 Every police officer has a duty to preserve the peace within the officer's jurisdiction. 
Blackwell v. Harris County, 909 S.W.2d 135, 139 (Tex. App.--Houston [14th Dist.] 1995,
writ denied). A police officer may perform this duty in his official capacity even when he
is "off-duty." Gibbons, 150 S.W.3d at 882. Generally, when an officer has identified
himself as a police officer, he is acting in his official capacity. See Mansfield, 37 S.W.3d at
150. Whether an officer has made a lawful arrest is not relevant to determining whether the
officer acted in his capacity as a police officer. Montoya v. State, 744 S.W.2d 15, 29 (Tex.
Crim. App. 1987), overruled on other grounds by Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996). "A police officer is still acting within the lawful discharge of his official
duties when he makes an unlawful arrest, so long as he is acting within his capacity as a
peace officer." Montoya, 744 S.W.2d at 29. 

 Although the witnesses' interpretations of the events are in dispute, it is undisputed
that when Officer San Miguel arrived on the scene he identified himself as a Beaumont
police officer and issued at least one command for McDowell to be quiet. At this point,
Officer San Miguel assumed his official capacity as a police officer. Whether McDowell
actually committed the offense of disorderly conduct is not the issue, because Officer San
Miguel made the arrest in his official capacity as a police officer. See id. The trial court
correctly determined Dillard's was not vicariously liable for Officer San Miguel's actions in
making the arrest.

False Imprisonment

 False imprisonment is a willful detention without consent and without lawful
authority. Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). A wilful
detention may occur when a third party requests or directs the detention. Id. at 507. A party
may be liable for instigating a detention when an officer conducts the detention, not by his
own volition, but to carry out the party's request. Id. 

 In this case, Hawkins did not participate in a detention of McDowell. He did not ask
McDowell to stay. Hawkins did not request that Officer San Miguel arrest McDowell. 
Officer San Miguel testified that the decision to make the arrest was his own. Dillard's did
not willfully detain McDowell. The trial court correctly determined Dillard's did not falsely
imprison McDowell. 

Conclusion

 Officer San Miguel was acting in his official capacity as a police officer. Dillard's
is not liable for his conduct. We overrule McDowell's issue. The trial court's judgment is
affirmed.

 AFFIRMED.


 

 DAVID GAULTNEY

 Justice

Submitted on April 19, 2007

Opinion Delivered August 30, 2007


Before Gaultney, Kreger, and Horton, JJ.
1. The trial court rendered judgment in favor of Dillard's, David Hawkins, Sandy Drake, 
and various corporate entities. The court severed McDowell's suit against these parties from
the other lawsuits in the original case. McDowell's brief raises an issue only as to Dillard's.