**Opinion issued February 27, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00625-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**VARUN LAL, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-44527**

---

## O P I N I O N

The City of Houston appeals from an order denying its plea to the jurisdiction

based on governmental immunity from suit. We affirm the trial court's order.

## BACKGROUND

This suit arises out of an auto accident. M. Ryans, a peace officer with the Houston Police Department, was returning home at night in his City-issued motor vehicle when he veered into oncoming traffic and struck Varun Lal's vehicle head-on. Ryans was off duty on the day of the accident; however, like other officers in the Department's vice division, he remained on call to respond to human-trafficking cases. Just before the accident, Ryans's City-issued cellular phone rang. Ryans looked over to pick up his phone to see who was calling him. His momentary distraction precipitated the accident.

Lal sued the City for negligence. He alleged that the City had waived its governmental immunity from suit because Ryans was acting within the scope of his employment as a City employee at the time of the accident.

The City filed a plea to the jurisdiction. It argued that the evidence showed that Ryans was not acting within the scope of his employment at the time of the accident and that the City thus had not waived its immunity.

The trial court denied the City's jurisdictional plea without stating the basis for its ruling. The City appeals.

## DISCUSSION

It is undisputed that municipalities like the City have governmental immunity from suit except to the extent that it is waived by the Tort Claims Act and that the

2

Act waives this immunity from suit for certain negligent acts by governmental employees. The City contends that Lal's suit does not come within the Act's limited waiver of immunity because the undisputed evidence conclusively proves that Ryans was not acting within the scope of his employment at the time of the accident.

### *Standard of Review*

A plea to the jurisdiction based on governmental immunity challenges the trial court's subject-matter jurisdiction. *City of Houston v. Downstream Envtl.*, 444 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The existence of subject-matter jurisdiction is a question of law subject to de novo review. *Anderson v. Bessman*, 365 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

A plea to the jurisdiction may challenge the sufficiency of the jurisdictional facts pleaded in the petition or the existence of jurisdictional facts. *City of Houston v. Nicolai*, 539 S.W.3d 378, 385 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The City's motion challenges the existence of a jurisdictional fact, namely, whether Ryans was acting within the scope of his employment when the accident happened.

When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the evidence material to the jurisdictional issues raised by the parties. *Lenoir v. U.T. Physicians*, 491 S.W.3d 68, 76 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). If the evidence is conclusive or does not raise a fact question as to the jurisdictional issue, then we decide the jurisdictional issue

as a matter of law. *Id.* Conclusive evidence includes undisputed evidence that solely permits one logical conclusion, evidence that is admittedly true, and evidence that is conclusively disproved. *Id.* If, however, the evidence instead raises a fact question as to the jurisdictional issue, then the plea must be denied and a factfinder must resolve the issue. *Nicolai*, 539 S.W.3d at 386; *Lenoir*, 491 S.W.3d at 76.

The standard of review governing pleas that challenge the existence of jurisdictional facts thus essentially mirrors the one for summary judgment. *Lenoir*, 491 S.W.3d at 76. Under this standard, the City bears the burden of proof to present conclusive evidence that the trial court lacks jurisdiction; if it carries its burden, then Lal must present evidence sufficient to raise a fact issue. *Nicolai*, 539 S.W.3d at 386. We must accept as true all evidence favorable to Lal, indulging every reasonable inference and resolving any doubts in his favor. *Lenoir*, 491 S.W.3d at 76–77.

### *Applicable Law*

The Tort Claims Act waives a governmental unit's immunity from suit for personal injuries arising from the negligent use of a motor vehicle by an employee acting within the scope of his employment when the employee would be personally liable to the claimant under Texas law. TEX. CIV. PRAC. & REM. CODE § 101.021(1). The City of Houston is a governmental unit for purposes of the Act. *Id.* § 101.001(3)(B); *Nicolai*, 539 S.W.3d at 386. Under the Act, "scope of employment" means the performance of "the duties of an employee's office or employment and

4

includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5).

Whether a peace officer was on duty or off is not dispositive as to whether he was acting within his employment's scope. *Garza v. Harrison*, 574 S.W.3d 389, 405 (Tex. 2019). Nor is the officer's use of a police vehicle dispositive. *Id.* Instead, we must examine the capacity in which the officer was acting at the time he committed the allegedly tortious act. *Kraidieh v. Nudelman*, No. 01-15-01001-CV, 2016 WL 6277409, at *5 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, no pet.) (mem. op.); *Harris Cty. v. Gibbons*, 150 S.W.3d 877, 882 (Tex. App.—Houston [14th Dist.] 2004, no pet.). In simpler terms, we consider what the officer was doing and why he was doing it. *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.).

In general, an officer acts within the scope of his employment when his act furthers his employer's business and is undertaken to accomplish an objective for which he is employed. *Id.* at *3. Thus, the mere fact that an off-duty officer was on call does not render his act within his employment's scope. *City of Balch Springs v. Austin*, 315 S.W.3d 219, 225 (Tex. App.—Dallas 2010, no pet.). On the other hand, mixed motives do not prevent an officer's act from being within his employment's scope if his act served a purpose of his employer in addition to any other purpose the act served. *Kraidieh*, 2016 WL 6277409, at *6. Accordingly, an officer's act falls

5

outside the scope of his employment if and only if his act did not serve any purpose of his employer. *Garza*, 574 S.W.3d at 400–01. The key question in a case like this one therefore is whether, when viewed objectively, there was a connection between the officer's job duties and his allegedly tortious act. *Id.* at 401.

### *Analysis*

The material facts are undisputed. Ryans was off duty at the time of the accident but remained on call with the vice division. His City-issued cell phone rang, and he tried to see who was calling him. This momentary distraction caused him to veer into oncoming traffic and crash into Lal's vehicle.

As the City correctly contends, Ryans was not on duty and his on-call status, standing alone, did not render his conduct within the scope of his employment. *See Austin*, 315 S.W.3d at 225. The City further contends that "looking at a ringing phone" could not render Ryans's conduct within his employment's scope. On this record, however, we disagree. We must indulge every reasonable inference in Lal's favor. *See Lenoir*, 491 S.W.3d at 76–77. Ryans's phone was issued by the City, and Ryans was on call. From these undisputed facts, a factfinder could reasonably infer that Ryans was obligated in his capacity as a peace officer employed by the City to answer incoming calls on this phone so that he could be returned to duty if requested by the vice division. The City therefore failed to carry its burden to conclusively prove that Ryans was not acting within the scope of his employment at the time of

the accident. Because the City failed to carry its burden of proof, the trial court did not err in denying the City's jurisdictional plea. *See Nicolai*, 539 S.W.3d at 386.

The City argues that the incoming call likely was not a request for Ryans to return to duty. In support, it relies on the affidavit of Ryans's supervisor, who averred that two squads were on duty and available to address human-trafficking cases and that officers other than Ryans also were on call that day. But the identity of the caller and the call's purpose are immaterial. As he was on call, Ryans was obligated to monitor his phone for incoming work-related calls. Or so a factfinder could reasonably infer from his on-call status and use of a City-issued phone.

The City further argues that, as a matter of Department policy, an on-call peace officer does not become on duty until after he responds to a call placing him on duty. Because Ryans never answered the incoming call, the City asserts, he was never on duty. Whether Ryans was on duty, however, is not dispositive. *See Garza*, 574 S.W.3d at 405. The question is whether there is a connection between Ryans's job duties and his allegedly tortious conduct. *See id.* at 401. Contrary to the City's argument, a factfinder could reasonably conclude that such a connection existed.

In sum, we hold that the City did not carry its burden to conclusively prove that the trial court lacked subject-matter jurisdiction over Lal's suit. The trial court therefore did not err in denying the City's plea to the jurisdiction.

**CONCLUSION**

We affirm the trial court's order denying the City's jurisdictional plea.


                                    Gordon Goodman
                                    Justice

Panel consists of Justices Keyes, Goodman, and Countiss.